488

THE STATE OF OHIO, APPELLANT, *v.* GERWIN, APPELLEE.

[Cite as State v. Gerwin (1982), 69 Ohio St. 2d 488.]

(No. 81-192—Decided February 26, 1982.)

*Mr. Gregory W. Happ,* prosecuting attorney, and *Mr. William L. Thorne,* for appellant.

CELEBREZZE, C. J. The question before this court is whether an uncounseled misdemeanor conviction for theft may be used under the enhancement provision of R. C. 2913.02(B) to convert a subsequent misdemeanor into a felony when no imprisonment results. The statute at that time provided:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1) Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3) By deception;

"(4) By threat.

"(B) Whoever violates this section is guilty of theft. If the value of the property or services stolen is less than one hundred fifty dollars, violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is one hundred fifty dollars or more, or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, or if the offender has previously been convicted of a theft offense, then violation of this section is grand theft, a felony of the fourth degree."

The state[1] argues that the Court of Appeals over-extended

---

[1] In this appeal, Gerwin did not submit a brief and did not present an oral argument.

the decisions of the United States Supreme Court in *Scott* and *Baldasar, supra,* and improperly reversed the conviction. Because no actual imprisonment resulted, the state contends that the uncounseled misdemeanor conviction was properly used under the enhancement provision to convert the subsequent misdemeanor into a felony.

Thus, a review of *Scott* and *Baldasar, supra,* is necessary for a determination of this issue. In *Scott,* at pages 373 and 374, the court stated that "actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment * * * and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. * * * We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense."

Thus, actual imprisonment has been defined as the basis of a constitutional right to appointed counsel for an indigent defendant.

The holding in *Scott* was further defined in *Baldasar*. The United States Supreme Court addressed a question similar to that presented by this appeal. The issue in *Baldasar* was whether an uncounseled misdemeanor conviction may be used under an enhancement penalty statute to convert a subsequent misdemeanor into a felony with a prison term. It is important to note that the defendant in *Baldasar* was subjected to imprisonment because of the prior conviction.

The *per curiam* opinion in *Baldasar* merely stated, at page 224, "for the reasons stated in the concurring opinions." Therefore, it is necessary to review the three concurring opinions, in which five justices joined, to ascertain the rationale.

All three concurring opinions relied upon *Scott* and concluded that the uncounseled misdemeanor conviction could not be used under the enhancement statute to impose imprisonment. Justice Stewart's opinion concluded that the enhanced prison sentence violated the rule in *Scott*. Similarly, Justice Marshall relied upon *Scott* and stated, at page 226, that the "prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment

upon a subsequent conviction." Justice Blackmun reaffirmed his position in *Scott* which he called a " 'bright line' approach." This test would require that an indigent defendant be afforded an appointed counsel whenever the offense being prosecuted is punishable by more than six months' imprisonment or whenever the defendant is convicted and actually subjected to a term of imprisonment. Thus, imprisonment was the basis for all three concurring opinions.

Applying *Scott* and *Baldasar* to the facts at issue, we conclude that it was not necessary for Gerwin to have been represented by counsel at the prior misdemeanor conviction. First, the line of cases represented by *Scott* and *Baldasar* require appointed counsel only when actual imprisonment is imposed. In this case, Gerwin was not imprisoned, instead she was fined, with all but $150 of the fine suspended on the condition that she obtain counseling. Clearly, the lack of imprisonment means that appointed counsel was not required at the prior misdemeanor conviction. Secondly, the record does not indicate that Gerwin was indigent or financially unable to obtain counsel in the prior conviction. The requirement of appointed counsel in *Scott* and prior cases[2] was for indigent defendants. Thus, Gerwin did not qualify on that basis.

Because Gerwin was not imprisoned and also because it was not shown that she was indigent, it was not necessary that she receive appointed counsel. Therefore, the uncounseled misdemeanor conviction is valid under *Scott*. Furthermore, under *Baldasar* it is also valid for the purpose of converting a subsequent misdemeanor into a felony under the enhancement provision in R. C. 2913.02(B).

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

---

[2] The landmark decision was *Gideon* v. *Wainwright* (1963), 372 U. S. 335, in which the court held that an indigent defendant was entitled to court appointed counsel.