The State of Ohio *v.* Elling.

(No. CR83-9-62—Decided November 3, 1983.)

Court of Common Pleas of
Van Wert County.

*Mr. Stephen E. Keister,* prosecuting attorney, for plaintiff.
*Mr. Phil W. Campbell,* for defendant.

WALTERS, J. This matter came on for trial on October 21, 1983, whereupon the plaintiff presented evidence and the defendant made a motion for acquittal for the reason that the state failed to prove that the defendant was previously convicted of a theft offense which the defendant contends is an essential element of the crime.

Defendant, Mark L. Elling, was indicted for violation of R.C. 2913.02(A)(1), a theft offense, which was denominated a felony of the fourth degree by virtue of the fact that defendant had "been previously convicted of a theft offense, in Lima, Ohio Municipal Court case number 16926, February 1, 1981." The state, pursuant to R.C. 2945.75(B), tendered into evidence a certified copy of the entry of conviction from the Lima Municipal Court case which was for petty theft under the identical code section of which he stands charged in violation of herein. Together with this certified copy, the state presented testimony "sufficient to identify the Defendant named in the entry as the offender in the case at bar." There was no evidence presented, however, indicating whether the defendant was either represented by counsel or knowingly and intelligently waived counsel in the previous trial in the Lima Municipal Court.

The defendant thus presents two questions for the court's determination: (1) Whether mere compliance with R.C. 2945.75(B) is sufficient, without the state's affirmative proof that the previous conviction was either counseled or that the defendant knowingly and intelligently waived counsel, to sustain a conviction of grand theft under R.C. 2913.02(A)(1), and (2) whether proof of such a conviction is an essential element of the crime needed

to be proved by the state, the failure of which will result in an acquittal on the present charge.

The record of the previous conviction is silent as to the presence of any counsel or a knowing and intelligent waiver of counsel. It is elementary that the court may not presume such a waiver from a silent record, and obviously neither may the court presume such conviction was counseled. Therefore, we have no alternative but to assume that the previous conviction herein was uncounseled.

The line of cases construing the Sixth Amendment, including the accused's right to assistance of counsel for his defense (*Gideon* v. *Wainwright* [1963], 372 U.S. 335 [23 O.O.2d 258]; *Argersinger* v. *Hamlin* [1972], 407 U.S. 25), has raised the question as to what effect an uncounseled conviction has on subsequent proceedings, such as in the present case where the previous conviction is used collaterally to increase the degree of the present offense charged.

In the case cited by defendant, *Burgett* v. *Texas* (1967), 389 U.S. 109, the Supreme Court held the defendant's previous uncounseled *felony* conviction was void for the reason that it was presumably in violation of his Sixth Amendment rights, and could not therefore be used collaterally in a subsequent proceeding to enhance the penalty as a repeat offender. This result is logical since the previous conviction was *void*.

However, in *Scott* v. *Illinois* (1979), 440 U.S. 367, the same court held that *Argersinger* did not require the appointment of counsel in misdemeanor cases and that an uncounseled misdemeanor conviction is constitutionally valid if the offender is not jailed. The logical extension of this case is that if the previous conviction is valid, then it should be allowed to be used collaterally in the subsequent proceedings regardless of whether the prior conviction was counseled or not. Any other conclusion creates the anomaly of a bona fide second offender being

punished as a first offender if he was not represented by counsel, and punished as a second offender if he was represented by counsel. This seems to suggest that a second offender would, in fact, be punished more severely for having exercised his right to have the assistance of counsel in his first conviction.

The United States Supreme Court, however, in *Baldasar* v. *Illinois* (1980), 446 U.S. 222, disposed of this question stating at page 228 (concurring opinion) that, "a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." While this writer feels more comfortable with the logic expressed in the dissenting opinion in *Baldasar,* I feel constrained to go along with the law expressed in this case and therefore hold that the failure of the state to affirmatively show either a counseled conviction or a knowing and intelligent waiver of counsel, bars the use of the prior conviction to convict the defendant of the felony charge.

As for defendant's second contention, it is clearly evident, in line with the cases cited, that the proof of the prior conviction is a necessary element of the crime of grand theft, a felony of the fourth degree. However, R.C. 2945.74 provides that a defendant may be found not guilty of the principal offense charged, but when the indictment charges an offense including different degrees, he may be found guilty of an inferior degree of the same charge. This proposition and its constitutionality are well-established. *State* v. *Kuchmak* (1953), 159 Ohio St. 363 [50 O.O. 327]; *Brown* v. *State* (1903), 2 Ohio C.C. (N.S.) 409.

From the evidence adduced at trial, the court finds that the prosecution has proved all the essential elements of the offense charged in the indictment, except the element of the prior conviction for the reasons set out above. The omission of this single element constitutes the offense of petty theft under R.C. 2913.02(A)(1), a misdemeanor of the first degree, and therefore the court finds the defendant guilty of petty theft.

*Judgment accordingly.*