**Ryan Hung-Ping WANG,
Petitioner-Appellant,**

v.

**William WITHWORTH; Lincoln Stokes;
Anthony J. Celebrezze,
Respondents-Appellees.**

No. 86–3042.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 2, 1986.

Decided Feb. 11, 1987.

Rehearing and Rehearing En Banc
Denied March 27, 1987.

Leonard Kirschner, William E. Breyer (argued), Asst. Prosecutor's Office, Cincinnati, Ohio, for respondents-appellees.

Daniel J. Hoffheimer (argued), James L. Childress (of counsel), Taft, Stettinius & Hollister, Cincinnati, Ohio, for petitioner-appellant.

Before KEITH and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge. ·

KEITH, Circuit Judge.

Petitioner-Appellant Ryan Hung-Ping Wang, a Chinese national, appeals the judgment of the United States District Court for the Southern District of Ohio, denying his petition for a writ of habeas corpus. The petition arises out of Wang's conviction and thirty-day prison sentence for misdemeanor theft in the second of two jury trials before the Court of Common Pleas, Hamilton County, Ohio. Wang was indicted in both the first and second trials for grand theft under an enhanced felony statute, Ohio Revised Code § 2913.02(B).[1]

Wang's first trial on the enhanced felony charge ended in mistrial. In the second trial, the jury found Wang guilty of the lesser included offense of misdemeanor theft. In both trials a 1980 uncounseled misdemeanor conviction for shoplifting was proffered as the prior conviction element of the enhanced felony indictment. On appeal, the petitioner contends principally that the prosecution in the first trial lacked sufficient evidence to prove that his prior conviction was with the benefit of legal counsel, as required by *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (per curiam), *reh'g denied*, 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980). Therefore, Wang contends, the first trial, though termed a "mistrial", was in effect an acquittal. As a result, Wang argues, the second indictment on the same enhanced felony charge violated Wang's constitutional protections against double jeopardy. Finding merit in the petitioner's contentions, we reverse the judgment of the district court and grant his petition for habeas corpus.

## I.

### BACKGROUND

Wang, a citizen of the People's Republic of China, entered the United States in June,

---

1. The version of Ohio Rev.Code § 2913.02 in effect at the time of Wang's indictment provides in pertinent part:

   (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either[.]

   (B) ... If the offender has previously been convicted of a theft offense, a violation of this section is grand theft, a felony of the fourth degree.

1980 to attend college and obtain a bachelor's degree in mathematics. In October, 1980, Wang was convicted of petty theft after a guilty plea and fined fifty dollars. He was not represented by counsel in the proceeding. In December of 1982, Wang was arrested and charged with the theft of fifteen greeting cards valued at sixteen dollars. Since Wang had a prior theft conviction, he was charged under Section 2913.02(B) with grand theft, a fourth degree felony. The first trial on the "enhanced" grand theft charge began in March, 1983. The State of Ohio entered in evidence a certified copy of the prior misdemeanor conviction. The state did not, however, produce the transcript of the proceeding nor did it dispute Wang's contention on objection that the 1980 conviction was uncounseled.[2]

After the state presented its case, Wang moved for acquittal and, alternatively, for a mistrial. In support of the acquittal motion, Wang contended that the state failed to meet its burden of proving that Wang's prior 1980 conviction was with the benefit of counsel. Since the state had not proven that counsel was present, Wang argued that his Sixth Amendment right to counsel had been violated and the prior conviction was not valid as an element of the enhanced grand theft charge.[3] The state trial court denied both motions but counsel for Wang renewed them after resting. Counsel for Wang based his acquittal motion on *Baldasar*. He argued that *Baldasar* prohibits the statutory "enhancement" of a misdemeanor to a felony with a prison term when the first proceeding resulting in the required prior conviction is without legal counsel. *See Baldasar*, 446 U.S. at 224, 100 S.Ct. at 1586 (Stewart, J. concurring). In response, the state argued that the burden of proving the absence of counsel at the time of the prior 1980 conviction remained with Wang. The state also argued in the alternative for the lesser included offense of petty theft.

The state trial judge ruled on both of these motions from the bench, noting that the *Baldasar* case was "right on point". He stated further:

> [T]he record in this particular case, it would indicate to me that *there was no representation by a lawyer or that there was no formal waiving of any right to any attorney.* We run into a *classic Fifth and Sixth Amendment rights* [sic] in this particular case. *Baldasar*, and going all the way back to *Gideon v. Wainwright*, the right of counsel through the 14th Amendment, *and this being a specific element of the particular charge before the Court and there being nothing in the evidence before the Court by virtue of ... the prior conviction, to show that he had an attorney, or that there was a waiver of right to counsel*, puts the Court between a rock and a hard spot.

(Emphasis added)

The judge then denied the motion for acquittal but granted "a motion for a new trial" on the grounds that the "admission of the evidence which was offered against the defendant obviously is prejudiced towards his [Wang's] rights in this particular case."

Wang was then indicted a second time on the same enhanced felony charge. Prior to the commencement of the second trial, Wang moved for dismissal on double jeopardy grounds and renewed his motion for acquittal. Wang's motions were again denied. At the second trial, the prior conviction was mentioned once by the visiting judge conducting the proceedings. After

2. Indeed, during oral argument in the district court the state admitted that the 1980 conviction was uncounseled. In any event, "[p]resuming waiver of counsel from a silent record is impermissible". *Burgett v. State of Texas*, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967) (citations omitted).

3. There is some dispute as to the grounds for the alternative mistrial motion. Wang insists that the "uncounseled prior conviction" ground supported both the acquittal and mistrial motions. The state argues that a mistrial was sought and granted due to prejudice of the appellant's case by the presentation of evidence and the testimony of numerous prosecution witnesses.

the state again produced no evidence of a prior conviction, the jury found Wang guilty of the lesser included offense of petty theft, sentenced him to thirty days imprisonment and fined him two hundred dollars plus costs.[4]

Upon Wang's subsequent appeal, the Ohio Court of Appeals rejected his double jeopardy claim and affirmed the trial court. An appeal to the Ohio Supreme Court failed because the court found no substantial constitutional issue. Wang filed his petition for a writ of habeas corpus and obtained a stay of sentence from the federal district court. The district court entered judgment denying the writ in December 1985 and lifted its stay of execution of sentence the following January. After a flurry of motions to stay the execution of sentence in both the state court and federal court, this court entered an order staying execution of sentence pending appeal and also issued a certificate of probable cause upon Wang's motion in February, 1986.

## II.

## DISCUSSION

The central issue of this appeal is whether the state trial court's decision in the first trial to grant "a motion for a new trial" had the legal effect of a finding of insufficient evidence on the enhanced felony charge, thus barring the second trial (and conviction) on double jeopardy grounds.

To restate, Wang argued at trial that his prior uncounseled misdemeanor conviction in 1980 should not have been used to enhance a subsequent misdemeanor into a felony with a prison term, citing *Baldasar*. He contends now that the state trial court concurred with his view but did not follow the legal consequences of its ruling, namely an entry of an acquittal order which would bar retrial. Appellees contend that *Baldasar* prevents only the imposition of an enhanced prison term; thus, in their view, an enhanced felony *charge* may be

brought against the petitioner, but not an increased felony *prison term*. As Wang received a thirty-day *misdemeanor* imprisonment term, there was no increase in the term imposed. Appellees argue further that the Double Jeopardy clause is not involved here because the state trial court's decision was a grant of Wang's alternative motion for mistrial, not an acquittal on the *Baldasar* issue.

■ We disagree. Although *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) held an uncounseled misdemeanor conviction to be constitutionally valid if a prison sentence is not imposed, *Baldasar* prohibits the use of that uncounseled conviction to "be used collaterally to impose an increased term of imprisonment". 446 U.S. at 226, 100 S.Ct. at 1587 (Marshall, J. concurring). The imposition by *Baldasar* of a "limited use" requirement on uncounseled convictions is a logical extension of the Court's decision in *Scott* and *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). In *Scott*, the Court allowed uncounseled misdemeanor convictions but limited their effect to prevent incarceration of the accused. In *Burgett*, the Court prohibited admission of an uncounseled felony conviction as evidence in a subsequent trial. The court's holdings in *Baldasar*, *Scott* and *Burgett* each sought to avoid an indigent accused suffering from an earlier inability to benefit from legal counsel. In *Burgett*, for example, the Court noted that if the uncounseled felony conviction was admitted, "the accused in effect suffers anew from the deprivation of that Sixth Amendment right [to counsel]." 389 U.S. at 115, 88 S.Ct. at 262.

The *Baldasar* holding reaffirms the concerns raised in *Burgett* and *Scott*: "[a] petitioner's prior conviction [is] not valid for all purposes. Specifically, under the rule of *Scott* and *Argersinger*, it [is] invalid for the purpose of depriving petitioner of his liberty." 446 U.S. at 226, 100 S.Ct. at

---

**4.** After conviction, Wang actually served twenty-one days of his thirty-day sentence before it was    suspended pending appeal.

1587 (Marshall, J., concurring) (citing *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)). Deprivation of liberty was precisely the object and purpose of the enhanced felony indictments in Wang's first and second trials in state court. It does not matter that Wang's prior misdemeanor conviction did not result in imprisonment. *Baldasar* clearly prevents the use of that uncounseled conviction to subject Wang to the possibility of increased imprisonment at a subsequent trial.[5]

■ Nor does it matter that Wang served twenty-one days of a thirty-day misdemeanor sentence rather than a more severe felony prison term.[6] The fact that Wang was sentenced to some period of incarceration does not prevent him from objecting to deprivations of liberty on the basis of an uncounseled conviction. *Baldasar,* 446 U.S. at 227, n. 1, 100 S.Ct. at 1587, n. 1. Moreover, as *Scott* and its predecessor case *Argersinger* require, this case is one where "an accused is deprived of his liberty", a case that "actually led to imprisonment even for a brief period". *Scott,* 440 U.S. at 373, 99 S.Ct. at 1162 (quoting *Argersinger,* 407 U.S. at 32, 33, 92 S.Ct. at 2010).[7] Accordingly, the protection of Sixth and Fourteenth Amendment rights provided by *Baldasar* must apply. *Id.; Baldasar,* 446 U.S. at 224, 100 S.Ct. at 1586 (Stewart, J. concurring); *State v. Elling,* 11 Ohio Misc.2d 13, 15, 463 N.E.2d 668, 670 (1983) ("[T]he failure of the state to affirmatively show either a counseled conviction or a knowing and intelligent waiver of counsel, bars the use of the prior conviction to convict the defendant of the felony charge.")

■ The state trial court was thus correct when it determined that as a result of *Baldasar,* Section 2913.02(B) requires a prior counseled theft conviction as an essential element of the offense charged. *See Elling,* 11 Ohio Misc.2d at 15, 463 N.E.2d at 670.

Our next inquiry, then, is whether the trial court's decision was actually an acquittal or, as appellees contend, a grant of a mistrial based on prejudice. Wang, of course, contends that the trial court determined that the state lacked sufficient evidence on an essential element of the charge. The Supreme Court in *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) stated that "[p]erhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that a verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution." 430 U.S. at 571, 97 S.Ct. at 1354 (quoting *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)). In applying this principle, the Court counseled that "what constitutes an acquittal *is not to be controlled by the form of the judge's action. Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of* some or all of the factual elements of the offense charged." *Id.,* 97 S.Ct. at 1354, 1355 (citations omitted, emphasis added).

---

5. *But see State v. Gerwin,* 69 Ohio St.2d 488, 432 N.E.2d 828 (1982) (Because defendant was not imprisoned for the first misdemeanor conviction, *Baldasar* does not prevent the use of that first (uncounseled) conviction to enhance the second offense). We question the *Gerwin* holding in light of *Baldasar's* apparent focus on imprisonment after the *second* conviction, *see* 446 U.S. at 224, 226, 228, 100 S.Ct. at 1586, 1587, 1588, rather than imprisonment after the first. *Cf. State v. Elling,* 11 Ohio Misc.2d 13, 463 N.E.2d 668 (1983).

6. If Wang had been convicted on the indictments in the first or second trials for grand theft, a fourth degree felony, sentencing guidelines then in effect would have subjected him to a prison sentence of six months at the minimum to a maximum of five years. By contrast, a conviction on a misdemeanor indictment would have subjected Wang to a *maximum* of six months' imprisonment. *See* Ohio Rev.Code § 2901.01 *et seq.,* accompanying *Table of Penalties.*

7. *See Argersinger,* 407 U.S. at 41, 92 S.Ct. at 2014 (Burger, C.J., concurring): "[A]ny deprivation of liberty is a serious matter".

The trial judge of the first trial, the Honorable Judge Donald Schott, submitted a certificate pursuant to 28 U.S.C. § 2245 [8] stating that the trial court did not "believe that proof of the presence of counsel at the prior conviction was an essential element of the crime with which defendant was charged". The judge maintains that he granted a mistrial on the grounds that the "volume of testimony presented concerning the prior convictions had the potential to misdirect and confuse the jury". The trial court's certification is in marked contrast to the proceedings recorded at the first trial. There, the trial court noted that Wang's 1980 misdemeanor conviction was uncounseled. It also pointed out that the issue involved "classic ... Sixth Amendment rights", and that a prior counseled conviction was "a specific element of the particular charge before the court and there being *nothing in the evidence* before the court by virtue of ... the prior conviction, to show that he had an attorney or that there was a waiver of right to counsel, puts the court between a rock and a hard spot".

The lack of evidence on the existence of counsel in the 1980 misdemeanor convictions does more than that; it operates as a resolution in Wang's favor of an essential element of the enhanced felony offense, the trial court's § 2245 certification notwithstanding. Though the trial court and appellees characterize the trial court's decision as a mistrial, the plain language of the proceedings following Wang's motion for acquittal and mistrial illustrates the trial court's recognition of the fatal shortcomings of the state's case against Wang. In light of our foregoing discussion on the requirements of *Baldasar*, we find such recognition to act as a finding of lack of sufficient evidence to convict.[9]

The appellees are incorrect when they attempt to characterize the trial court's decision as an order for retrial due to prejudice. Retrial is granted to correct trial error and the double jeopardy clause is usually not implicated, *see Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978). The same cannot be said when the state's case has failed due to legal insufficiency of the evidence. Under those circumstances, the prosecution has already been given a fair opportunity to offer whatever proof it could assemble. If that opportunity is lost, the double jeopardy clause prevents the prosecution from obtaining a second "bite of the apple". *Burks*, 437 U.S. at 16, 98 S.Ct. at 2149, 2150.

The Supreme Court on similar facts in *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981) held that a subsequent trial was precluded by the Double Jeopardy Clause. In *Hudson*, as here, the nature of the trial court's ruling was in dispute. The court evaluated the statements of the trial judge and determined that the judge "granted the new trial because the state had failed to prove its case as a matter of law". *Id.* 450 U.S. at 44, 101 S.Ct. at 973. In the instant case, Wang moved for acquittal on the grounds that there was insufficient proof of a counseled conviction. In light of the trial court's comments in its ruling on the motion, noted *supra*, we find that it reached the same conclusion as the lower court in *Hudson*. By deciding that there was "nothing in the evidence before the court" on the issue of a prior counseled conviction, the trial court necessarily determined that as a matter of law Wang's criminal liability had not been established under Ohio's enhanced felony statute. *See Elling*. Since whether or not the trial court's finding was correct, 430 U.S. at 570–71, 97 S.Ct. at 1354. As long as the trial court's determination was a resolution, correct or not, of the sufficiency of the evidence in the defendant's favor, this court may construe the determination as a de facto acquittal. *Id.*

---

**8.** 28 U.S.C. § 2245 provides in pertinent part: On the hearing of an application for a writ of habeas corpus ... the certificate of the judge who presided at the trial resulting in the judgment, setting forth the facts occurring at the trial, shall be admissible in evidence.

**9.** The courts have broad discretion in this area. *Martin Linen* does not require us to evaluate

"[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding", *Burks*, 437 U.S. at 11, 98 S.Ct. at 2147, Wang's second indictment and trial on the identical charge of an enhanced felony violated the Constitution's prohibition against double jeopardy. It does not matter that Wang was not convicted on either indictment for the fourth degree felony of grand theft. The Double Jeopardy Clause was designed to protect an individual as much from the hazards and tension of a second criminal prosecution as from actual conviction and imprisonment. *Id.* Accordingly, the state was barred by the Double Jeopardy Clause from prosecuting Wang in a second trial. His conviction and imprisonment resulting therefrom cannot stand.[10]

### III.

In light of the foregoing, this court REVERSES the order of the district court and GRANTS appellant Wang's petition for writ of habeas corpus.

WELLFORD, Circuit Judge, dissenting:

The primary issue in this case is whether Wang was in actuality acquitted of the enhanced felony charge during the first trial. If acquitted in legal effect, then double jeopardy bars retrial. If, however, the trial judge did not in fact find an insufficiency of the evidence to convict on the enhanced charge, but instead found that the evidence, as introduced, of the prior uncounseled conviction was sufficiently prejudicial that he could not allow the case to go to the jury on the lesser included

offense of Theft of Property in violation of Ohio Rev.Code Ann. § 2913.02, then Wang's second trial and subsequent conviction are not barred by double jeopardy. We must interpret the trial judge's actions at the close of the first trial in which the trial judge expressly granted a "new trial," and denied Wang's motion for acquittal.

The trial judge was confronted with the choice of denying the defendant's motions and allowing the case to proceed to the jury on the lesser included offense (since he construed *Baldasar* to make conviction of the enhanced crime impossible [1]), granting the motion to acquit, or declaring a mistrial [2] due to prejudice. The trial judge was in the best posture to determine the proper course of action. His decision should not be overturned on appeal unless clearly erroneous: "[I]t would exceed the appropriate scope of review were we ourselves to attempt to pass an independent judgment upon the propriety of the mistrial, even should we be prone to do so[.]" *Gori v. United States*, 367 U.S. 364, 367, 81 S.Ct. 1523, 1525, 6 L.Ed.2d 901 (1961).

The trial judge stated: "I believe from the evidence that the defendant was prejudiced, thereby, and prevented from having a fair trial. *On that basis* I am going to grant a motion for a [mistrial], and we will set it." It is clear that the judge granted the motion on the basis of prejudice—not on the basis that the state failed to prove its case.

Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the de-

---

10. Wang's status as a citizen of the People's Republic of China does not, of course, affect this ruling. Except for several contexts governed by our immigration laws, Wang is accorded the same rights and privileges that any other accused receives under our Constitution's guarantee of due process. His exercise of those rights offer welcome proof that the vitality of these constitutional guarantees endure.

1. Whether the trial court's interpretation of *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64

L.Ed.2d 169 (1980), was correct or not is immaterial in my view. *Baldasar*, correctly construed, would bar a conviction for the enhanced offense. It would not, however, have had any effect on the validity of a conviction, during the first trial, for the lesser included offense.

2. The trial judge erroneously relabeled the defendant's motion for mistrial a "motion for new trial." The request was for a mistrial.

fendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment. *Simmons v. United States,* 142 U.S. 148 [12 S.Ct. 171, 35 L.Ed. 968 (1891)]; *Logan v. United States,* 144 U.S. 263 [12 S.Ct. 617, 36 L.Ed. 429 (1892)]; *Dreyer v. Illinois,* 187 U.S. 71, 85–86 [23 S.Ct. 28, 32–33, 47 L.Ed. 79 (1902)].

*Gori,* 367 U.S. at 368, 81 S.Ct. at 1526; *Brock v. North Carolina,* 344 U.S. 424, 427, 73 S.Ct. 349, 330–51, 97 L.Ed. 456 (1953) ("This Court has long favored the rule of discretion in the trial judge to declare a mistrial and to require another panel to try the defendant if the ends of justice will be best served.") (citations omitted).

Even had the trial judge thought the State failed to prove its primary case, he could have allowed the case to go to the jury on the lesser included offense for which defendant Wang was later tried and convicted. *Oregon v. Kennedy,* 456 U.S. 667, 679, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416 (1982); *see Wade v. Hunter,* 336 U.S. 684, 688–89, 69 S.Ct. 834, 836–37, 93 L.Ed. 974 (1949):

> The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed.

Only the judge's perception that the defendant was unfairly prejudiced by the manner of proof about the prior conviction prevented the case going to the jury on the misdemeanor charge at the first trial. The judge responded to defendant's motion.

In this case "there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed." *Wade,* 336 U.S. at 688–89, 69 S.Ct. at 836–37. The trial judge himself, in a certificate "setting forth the facts occurring at the trial[,]" [3] stated that

> This Court did not believe that proof of the presence of counsel at the prior conviction was an essential element of the crime with which defendant was charged, rather that factor would be pertinent at sentencing. Therefore, this Court denied the motion for acquittal, and made no finding on any elements of the crime charged.

> Because of the volume of testimony presented concerning the prior conviction, and its potential to misdirect and confuse the jury, this Court granted a mistrial on those grounds at the specific request of the defendant. (Transcripts of first trial, pages 155–56)

On habeas review, "a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State ... were parties, evidenced by a written finding ... *shall be presumed to be correct,....*" 28 U.S.C. § 2254(d) (emphasis added). None of the eight exceptions to this rule under the statute apply. The Ohio state courts have found that the trial judge declared a mistrial due to testimony that unfairly prejudiced the defendant. To grant the writ in this case would fail to give the state courts' judgment a presumption of validity that Congress, and the Supreme Court, requires: "[The] interest in federalism recognized by Congress in enacting § 2254(d) *requires deference* by federal courts to factual determinations of all state courts." *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981) (emphasis added). The trial judge granted a mistrial for the reasons stated and borne

---

**3.** 28 U.S.C.A. § 2245 clearly allows, in habeas corpus proceedings, a trial judge to set forth the facts. Wang's argument that the judge improperly "recharacterizes" the events is without merit. Congress recognized that at trial, where events move fast and the written record may inadequately reflect the true effect of the parties' actions, a trial judge's certificate may assist the federal court in reviewing a state conviction in a habeas corpus proceeding. I would not disregard the trial judge's certificate and would accord deference to the trial judge.

out on the record. I would deny the writ accordingly.