The STATE of Ohio, Appellant,

v.

DANIELS, Appellee.

[Cite as *State v. Daniels* (1988), 61 Ohio App.3d 17.]

Court of Appeals of Ohio,
Lorain County.

No. 4350.

Decided Dec. 7, 1988.

18

---

Jonathan E. Rosenbaum, assistant prosecuting attorney, for appellant.

Andrew Daniels, pro se.

MAHONEY, Presiding Judge.

This is an appeal by the state of Ohio from an order of the Lorain County Court of Common Pleas dismissing an indictment returned against defendant-appellee, Andrew Daniels.

## Facts

On June 17, 1986, the Lorain County Grand Jury indicted Andrew Daniels for defrauding a livery in violation of R.C. 2913.41. The indictment also specified that Daniels had three prior convictions for passing bad checks. In the eight months between the indictment and dismissal, Daniels, *pro se*, filed a plethora of documents, including this motion for dismissal which is the basis of the state's appeal.

In his motion for dismissal, Daniels argued that his prior convictions for theft offenses were uncounseled and hence barred the state from enhancing the degree of the offense to a felony. In support, Daniels relied on two journal entries from Lorain Municipal Court and one from Elyria Municipal Court.

The journal entries from Lorain were silent as to the presence of counsel or a knowing, intelligent and voluntary waiver of counsel. The Lorain journal entries did show that, following a trial on the two charges of passing bad checks, the Lorain Municipal Court found Daniels guilty and sentenced him to six-month concurrent jail terms. As the trial judge in this case pointed out, the record is unclear as to whether the penalty was actually imposed. From the Elyria Municipal Court, there is a journal entry stating that Daniels, without counsel, entered a plea of no contest to the charge of passing a bad check, was found guilty, fined, and sentenced to thirty days in jail. The fine and sentence were suspended upon restitution, and good behavior for one year. Within the year, however, Daniels was indicted on the present charge. The trial court found that: " * * * A conviction here would be a violation of his sentence for the prior conviction for which he could then be jailed for that offense."

After reviewing the "available court records," the trial court dismissed the indictment and found that, under the rules set forth in *Scott v. Illinois* (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383, and *Baldasar v. Illinois* (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, " * * * defendant's prior uncounseled plea misdemeanor convictions may not be used under the enhancement statute found at O.R.C. 2913.41(C) as the predicate to a felony indictment. * * * "

The state assigns three errors. We reverse and remand.

## Assignment of Error I

"The trial court erred when it dismissed the state's case based upon the mere allegations of the defendant that his prior theft convictions were uncounseled."

■ One prior theft conviction converts the misdemeanor of defrauding a livery into a fourth degree felony. R.C. 2913.41(C). The prior conviction is an element of the offense which the state must plead specifically and prove beyond a reasonable doubt. *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494. The pleading is sufficient if the indictment alleges "that the accused was, at a certain stated time, in a certain stated court, convicted of a certain stated offense * * *." R.C. 2941.11.

■ To prove the prior conviction at trial, the state need only tender a certified copy of the judgment entry and evidence sufficient to identify the accused as the prior offender. R.C. 2945.75(B). Absent evidence to the contrary, the prior conviction will be valid for enhancement purposes. The indigent accused, however, may successfully challenge the use or validity of the prior conviction if the conviction resulted from proceedings where the indigent accused was neither represented by counsel nor made a knowing, intelligent, and voluntary waiver of the right to counsel. *Baldasar v. Illinois* (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169. Once the accused has raised the issue of a prior uncounseled conviction, the state must come forward with affirmative proof of a valid waiver of counsel or evidence of representation. See *State v. Elling* (1983), 11 Ohio Misc.2d 13, 11 OBR 108, 463 N.E.2d 668. Otherwise, the prior conviction cannot be used to enhance the offense from a misdemeanor into a felony with imprisonment. *Wang v. Withworth* (C.A. 6, 1987), 811 F.2d 952.

■ In this case, Daniels filed a pretrial motion to dismiss the indictment. He argued that the prior convictions were uncounseled and hence barred the state's use of those convictions for enhancement purposes. In its pretrial brief in opposition to the motion to dismiss, the state argued that the trial court could not dismiss the indictment until after it heard evidence concerning the claim. No hearing was held.

Daniels's motion has adequately raised and clarified the constitutional claim. See *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889. There are factual issues in dispute. Those facts in issue include whether, at any of the prior proceedings, Daniels was indigent, was represented by counsel or made a valid waiver of his right to counsel, and whether imprisonment was ever

imposed.[1]  The state must have the opportunity to bear its burden of proof and come forward with affirmative evidence to rebut Daniels's claims.  *State v. Maynard* (1987), 38 Ohio App.3d 50, 526 N.E.2d 316.

■  The issue at this point in the proceedings is essentially an evidentiary one.  The trial court should conduct a hearing just as it would upon a motion to suppress evidence.  This motion and hearing could come either by way of a pretrial motion or a timely objection or motion made during trial.  In either instance, the hearing is held outside the jury's presence.  At that hearing the state is given the opportunity to meet its burden of proof on the issue of the uncounseled plea.  The trial court then determines whether the prior conviction is constitutionally excludable.

Here the trial court only had before it a motion to dismiss.  We assume the court opted[2] to regard the motion as one to suppress the evidence of the prior convictions.  However, evidence was only unilaterally received and the state was not given the opportunity to meet its burden.  This assignment of error is well-taken.

### Assignment of Error II

"Assuming arguendo that the prior theft convictions were uncounseled the court erred in dismissing the case."

■  The state argues correctly that the trial court should not have dismissed the indictment.  If, after the evidentiary hearing, the trial judge determines that the prior convictions were uncounseled and that there was no valid waiver of counsel, the trial judge should suppress that evidence.  He may not *sua sponte* amend the indictment to conform to the evidence.  Crim.R. 7.

Accordingly, we reinstate the indictment on the enhanced charge of defrauding a livery, a fourth degree felony.

---

1. In *State v. Gerwin* (1982), 69 Ohio St.2d 488, 23 O.O.3d 420, 432 N.E.2d 828, the court held that an uncounseled misdemeanor conviction could be collaterally used for enhancement purposes if the defendant was not imprisoned for the first misdemeanor conviction.  But, see, *Wang v. Withworth,* 811 F.2d at 956, fn. 5., where the United States Court of Appeals for the Sixth Circuit stated:

"* * * We question the *Gerwin* holding in light of *Baldasar's* apparent focus on imprisonment after the *second* conviction, *see* 446 U.S. at 224, 226, 228, 100 S.Ct. at 1586, 1587, 1588, rather than imprisonment after the first.  *Cf. State v. Elling,* 11 Ohio Misc.2d 13, [11 OBR 108] 463 N.E.2d 668 (1983)."

2. We make no determination of the court's authority to convert a motion to dismiss into a motion to suppress.

### Assignment of Error III

"The trial court erred when it applied the rationale of *Scott v. Illinois* (1971) [*sic* ], 440 U.S. 347 [99 S.Ct. 1158, 59 L.Ed.2d 383] and *Baldasar v. Illinois* (1980), 446 U.S. 222 [100 S.Ct. 1585, 64 L.Ed.2d 169] to this defendant."

The state argues that " * * * the rationale of *Scott v. Illinois, supra,* and *Baldasar v. Illinois, supra,* applies to only indigent defendants who have faced *actual* imprisonment. The record is devoid of any evidence showing whether the defendant in this case was indigent at the time of his two priors and whether he served any time actually. * * *."

However, such argument is predicated upon the lack of evidence in a hearing, which we have agreed the appellant never had. This assignment of error is rendered moot by our disposition of the other assigned errors. Any opinion by this court without the benefit of the evidentiary facts would be ill-advised; the issues should be addressed when they are properly before us.

### Summary

Accordingly, we reverse the judgment of the trial court, reinstate the indictment on the felony charge, and remand the cause for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

QUILLIN and GEORGE, JJ., concur.