**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cecil BURROUGHS, Jr., Defendant–**
**Appellant.**

**No. 93–5017.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 19, 1993.

Decided Sept. 24, 1993.

William Cohen, Asst. U.S. Atty. (argued and briefed), Debra Teufel Phillips, Asst. U.S. Atty., and Ernest W. Williams, U.S. Atty., Office of the U.S. Atty., Nashville, TN, for plaintiff-appellee.

Sumter L. Camp, Asst. Federal Public Defender (argued and briefed), Federal Public Defender's Office, Nashville, TN, for defendant-appellant.

Before: MERRITT, Chief Judge; LIVELY, Senior Circuit Judge; and JOHNSTONE *, District Judge.

---

* The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation.

LIVELY, Senior Circuit Judge.

This appeal challenges the district court's use of a prior uncounseled misdemeanor conviction for which the defendant was not incarcerated to increase the defendant's criminal history category by one point. More specifically, the defendant argues that both Supreme Court and Sixth Circuit decisions prohibit such an enhancement. See *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980); *United States v. Nichols,* 979 F.2d 402 (6th Cir.1992), *petition for cert. filed,* April 23, 1993; and *Wang v. Withworth,* 811 F.2d·952 (6th Cir.), *cert. denied,* 481 U.S. 1051, 107 S.Ct. 2185, 95 L.Ed.2d 842 (1987).

## I.

The defendant pled guilty to one of nine counts of wire fraud for which he was indicted. 18 U.S.C. § 1343.· The district court sentenced him to fifteen months' imprisonment, followed by three years of supervised release, and ordered him to pay restitution to the victim in the amount of $8,990. The prison time was based on the presentence report's computation of a criminal history category of V and an offense level of eight. Sentencing Table, United States Sentencing Guidelines (Guidelines), Chapter V, Part A (1992).

Among the defendant's prior convictions was a 1980 guilty plea to simple possession of marijuana in a California court, for which he was fined $130, but not incarcerated. The probation officer stated in his presentence report that "legal representation could not be confirmed" in connection with the guilty plea. The district court treated the misdemeanor conviction as uncounseled, but nevertheless counted it in computing the defendant's sentence. If this conviction had not been counted, the defendant's criminal history category would have been IV instead of V, and the sentencing range 10–16 months rather than 15–21 months.

## II.

The question in *Baldasar* was whether an uncounseled misdemeanor conviction "may be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term." 446 U.S. at 222, 100 S.Ct. at 1585. The Supreme Court was divided in its reasoning, but held that a subsequent misdemeanor may not be converted into a felony on the basis of a prior uncounseled misdemeanor conviction. The subsequent offense in *Baldasar* was a misdemeanor, and the only way the court could sentence Baldasar to a prison term was by converting that misdemeanor into a felony.

*Wang* presented the same question as *Baldasar.* Wang's uncounseled 1980 misdemeanor was used to convert his subsequent misdemeanor into a felony with a prison term. This court reversed the district court's denial of a writ of habeas corpus, citing *Baldasar.* 811 F.2d at 955–56. In doing so, the *Wang* court quoted from Justice Marshall's concurring opinion in *Baldasar,* to the effect that an uncounseled misdemeanor conviction cannot "be used collaterally to impose an increased term of imprisonment." *Id.* at 955 (quoting 446 U.S. at 226, 100 S.Ct. at 1587 (Marshall, J., concurring)) (internal quotation marks omitted).

We confronted a different question in *Nichols.* In 1983 Nichols was convicted under a nolo contendere plea of driving under the influence of alcohol (DUI), a misdemeanor. Nichols was not represented by counsel in the DUI case. He was fined, but not imprisoned. In December, 1990 Nichols pled guilty to one count of a three-count indictment for trafficking in cocaine. In imposing sentence the district court considered the prior uncounseled misdemeanor conviction in computing Nichols' criminal history score.

This court affirmed Nichols' sentence by a 2 to 1 vote. Both Judge Nelson, for the majority on this issue, and Judge Jones in dissent discussed *Baldasar* and its antecedents and progeny extensively. The majority read *Baldasar* as applying only to cases where the prosecution attempts to convert a misdemeanor into a felony carrying a prison

term on the basis of a prior uncounseled misdemeanor conviction for which the defendant was not incarcerated. Judge Nelson's opinion for the majority clearly distinguished *Baldasar* and pointed out that Justice Marshall's broad statement in his *Baldasar* concurrence was dicta. The issue of whether an uncounseled misdemeanor conviction may be used for *any* enhancement purposes was not before either the *Baldasar* or the *Wang* court. The only sentencing question decided in *Baldasar* (and in *Wang*) was whether a prior uncounseled misdemeanor conviction could be used to convert a subsequent misdemeanor into a felony.

### III.

■ The defendant Burroughs argues that *Baldasar* and *Wang* control the present case and that *Nichols* is "void" as being in conflict with *Wang*. We think not. In the first place, one panel of this court is not bound by dicta in a previously published panel opinion. *Stockler v. Garratt*, 893 F.2d 856, 859 n. 2 (6th Cir.1990). Furthermore, the defendant in the present case did not face the same kind of enhancement that *Baldasar* and *Wang* held to be impermissible. In the subsequent proceedings here Burroughs was charged with, and pled guilty to, a felony. It simply was not a case of converting a misdemeanor into a felony. Burroughs pled guilty to a charge that required a prison sentence; imprisonment was not imposed because the prior uncounseled misdemeanor was considered. Thus, the critical facts in the present cases are materially different from those in both *Baldasar* and *Wang*.

As we noted in *Nichols*, the sentence imposed by the trial court in *Baldasar* would not have been authorized but for the previous conviction whereas Nichols could have been given up to life in prison without any consideration of the DUI conviction. 979 F.2d at 416 (Nelson, J., concurring). The same is true here, the statute that Burroughs pled guilty to violating provides for imprisonment of up to five years.

### IV.

■ Both *Baldasar* and *Wang* were pre-Guidelines cases. The Guidelines contain numerous instances where the offense of conviction carries a prison sentence that is subject to enhancement on the basis of other conduct. This is one such case where the defendant has been convicted of committing a felony, and thus is subject to imprisonment. The enhancement increases the period of incarceration but does not change the nature of the charge from a misdemeanor to a felony.

The courts of appeals have not agreed on the application of *Baldasar* to post-Guidelines cases such as the present one. Compare *United States v. Castro–Vega*, 945 F.2d 496, 499–500 (2d Cir.1991), *cert. denied sub nom. Clinton–Rodriguez v. United States*, —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993) (*Baldasar*'s narrow holding should not be extended to cases such as this); and *United States v. Eckford*, 910 F.2d 216, 218–20 (5th Cir.1990) (same); with *United States v. Brady*, 928 F.2d 844, 854 (9th Cir.1991) ("[A]ny term of imprisonment imposed on the basis of an uncounseled conviction where the defendant did not waive counsel violates the Sixth Amendment under *Baldasar*.") (footnote omitted).

We indicated in *Nichols* that we agreed with the courts' reasoning in *Castro–Vega* and *Eckford*. 979 F.2d at 417–18. We adhere to that conclusion and find that *Nichols* does not conflict with the holdings of *Baldasar* and *Wang*. Therefore, *Nichols* controls the present case.

### V.

■ The defendant raises one other issue on appeal, which does not require extended discussion. Burroughs argues that the district court erred in concluding that he was not a minor participant in the scheme in which he obtained money using unauthorized electronic transfers. He contends that he was less culpable than the other participants who planned the scam, obtained required input numbers, and made all arrangements other than causing the actual transmissions that produced the money. The government asserts that while the defendant only per-

formed the final act, his was a key role without which the scheme would have produced no cash.

The district court stated in part: "I find ... that [defendant] played a key role, one that was indispensable to the commission of these offenses...." The court accordingly denied a two point reduction in the defendant's offense level, pursuant to § 3B1.2 of the Guidelines, for being a minor participant. The district court's finding is not clearly erroneous, and provides a proper basis for denying a reduction to Burroughs as a minor participant. *United States v. Perry,* 908 F.2d 56, 58 (6th Cir.), *cert. denied,* 498 U.S. 1002, 111 S.Ct. 565, 112 L.Ed.2d 571 (1990).

The judgment of the district court is affirmed.