**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John E. ORIN, Jr., Defendant–**
**Appellant.**

**No. 02–3742.**

United States Court of Appeals,
Sixth Circuit.

March 26, 2004.

Before BOGGS, Chief Judge; KENNEDY, Circuit Judge; and RUSSELL, District Judge.*

## PER CURIAM.

John Orin appeals from the denial of his request for a two-level reduction in his offense level, pursuant to U.S.S.G. § 3B1.2(b). Orin had pled guilty to violating 18 U.S.C. § 1343, Aiding and Abetting Wire Fraud, and received a two-year sentence of imprisonment. Orin argues that, because he was a minor participant in the crime, the district court should have granted the reduction. We find Orin's arguments unpersuasive and we affirm the district court's sentence.

I

Orin served as vice-president at Cashel Management ("Cashel"), an investment firm owned and operated by its president, Thomas Durkin. Durkin was responsible for all investment decisions. and Orin was responsible for business development, marketing, and client contact. Orin was also personally responsible for thirteen of Cashel's clients. According to Orin's plea agreement, he became aware in 2000 that Durkin had been transferring funds from his clients' accounts to purchase promissory notes from the private company Rx Remedy ("Rx") without the clients' consent. While Orin was not fully aware of Rx's financial woes, he conceded that "there were sufficient signs available to me to recognize that the client's investment in Rx was at greater risk than I was led to believe, and in turn was representing to the clients." Despite these signs. Orin, at Durkin's request, personally called Cashel clients and urged them to authorize the wiring of more money to Rx. Largely on the basis of these calls and his own misrepresentations to clients. Orin pled guilty to aiding and abetting Durkin's wire fraud. Cashel's clients lost nearly $90 million because of Durkin's actions. For sentencing purposes, the district court attributed $2.4 million of this loss to Orin. Orin then requested a two-level reduction under § 3B1.2(b), alleging that he had been a

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

minor participant in the crime. The court rejected the request and Orin now appeals.

## II

Orin's request for a downward departure depended heavily upon factual determinations. Accordingly, we review the district court's determination only for clear error. *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir.2002). Under § 3B1.2(b), a defendant's offense level can be reduced if he or she was "a minor participant in any criminal activity." The comments define "minor participant" as one "who is less culpable than most other participants." Orin carries the burden of establishing that he was a minor participant. *United States v. Perry*, 908 F.2d 56, 58 (6th Cir.1990).

Essentially, this appeal involves the familiar issue of a person who, although he might have been a minor participant in some much larger scheme, was clearly a major player in the crime with which he was charged. It should be noted that the total fraud was nearly $90 million, and that Orin was eventually ordered to make restitution of nearly $40 million. Thus, the plea agreement was favorable in that the court attributed only $2.4 million to Orin for sentencing guideline purposes.

The facts stated in the plea agreement alone establish that the district court did not clearly err in rejecting Orin's request. In this agreement, Orin admitted that he called clients and urged them to wire more money to Rx even after he became aware of Durkin's questionable activities. One of Orin's phone calls convinced a Cashel client to authorize his bank to transfer another $1.3 million to Rx. With respect to the limited loss for which Orin was sentenced, he was clearly not a minor participant. Despite Orin's claims to the contrary, his role was both major and indispensable. *See United States v. Burroughs*, 5 F.3d 192, 194–95 (6th Cir.1993).

We can also quickly dispose of the main objections raised by Orin. First, he claims that the district court did not consider all the relevant evidence. The court, however, based its decision on the plea agreement, which included Orin's admission that his phone calls resulted in additional money transfers. Second, Orin argues that the clients might have transferred the money to Rx even if Orin had not contacted them. This "what if" analysis is not sanctioned by the Guidelines. It is actual participation that counts, not whether someone else might have been able to fulfill the role if Orin had declined to do so. Neither of these arguments establish that the district court committed clear error.

For the reasons set forth above, the judgment of the district court is AFFIRMED.