16-3925
*Lin v. Sessions*

BIA
Zagzoug, IJ
A200 609 602

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand eighteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DENNY CHIN,
> *Circuit Judges.*

_____

ZHIXIA LIN,
> *Petitioner,*

v.                                                          16-3925
                                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Farah Loftus, Los Angeles, CA.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Nancy Friedman,
                           Senior Litigation Counsel;
                           Virginia Lum, Attorney, Office of
                           Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhixia Lin, a native and citizen of the People's Republic of China, seeks review of an October 24, 2016, decision of the BIA affirming a February 25, 2016, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhixia Lin,* No. A200 609 602 (B.I.A. Oct. 24, 2016), *aff'g* No. A200 609 602 (Immig. Ct. N.Y. City Feb. 25, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decision. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) ("Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds

2

for decision, emphasizes particular aspects of that decision, we will review both the BIA's and the IJ's opinions . . . including the portions not explicitly discussed by the BIA."). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (applying substantial evidence standard to credibility rulings).

In making a credibility determination, the agency must "[c]onsider[] the totality of the circumstances" and may base a finding on the applicant's "demeanor, candor, or responsiveness, the inherent plausibility of the applicant's . . . account," inconsistencies in the applicant's statements or between his statements and other evidence, and "any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The IJ reasonably relied on inconsistencies among Lin's statements, his witnesses' testimony, and the documentary

evidence, as well as his demeanor and the lack of reliable corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

As the IJ found, several inconsistencies between the testimony and the documentary evidence undermined Lin's credibility. *See Xiu Xia Lin*, 534 F.3d at 163-64. First, Lin's application said that he was too afraid to go to a protest with his co-workers, but he testified both that he attended and that he did not attend. On cross-examination, Lin reiterated that he attended the protest, but when questioned why his application said otherwise, Lin again denied attending. He further undermined his testimony about his political activities by testifying that he signed a petition after the protest, when his asylum application specified that he signed the petition a few days before the protest. Lin did not provide a meaningful explanation for the discrepancy, stating only that his co-worker was arrested two days after the protest. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-

4

finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, there were several inconsistencies in the record surrounding Lin's church attendance both in China and in the United States. For example, Lin's application reported that he went to an underground Christian church in China "a few times," but he testified that he attended weekly for at least a year. And he provided testimony and a letter reflecting that he began attending Grace Church in Brooklyn in July 2010, but his cousin testified inconsistently that Lin began attending one year later. Similarly, Lin's cousin testified that Lin was baptized in 2012 or 2013, contradicting Lin's 2010 baptismal certificate.

The adverse credibility determination is bolstered by the IJ's demeanor finding, to which we defer. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("giv[ing] particular deference to [credibility determinations] that are based on the adjudicator's observation of the applicant's demeanor," particularly "where, as here, [the observations] are supported by specific examples of inconsistent testimony.").

5

The IJ acknowledged Lin's limited education in making the demeanor assessment, but relied on the fact that Lin was nonresponsive even when questions were repeated and framed "very simplistically." Because the IJ's observations of Lin's purported confusion and hesitance while testifying concerned specific examples of inconsistent testimony (e.g., Lin's church attendance in China, his attendance at the protest, the duration of the protest), we defer to the IJ's demeanor assessment and its impact on Lin's credibility. *See Li Hua Lin*, 453 F.3d at 109.

Finally, Lin's lack of reliable corroboration bolsters the adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The weight accorded to an applicant's evidence is largely within the agency's discretion. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

6

The IJ reasonably accorded little weight to letters from Lin's mother, uncle, and former co-workers because the authors were not subject to cross-examination and the letters—at least the ones from family members—were from interested parties. *See Xiao Ji Chen*, 471 F.3d at 342; *see also Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e defer to the agency's determination of the weight afforded to an alien's documentary evidence" and deferring to decision to give limited weight to an unsworn letter from applicant's spouse in China); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Lin's corroborating evidence was also insufficient to rehabilitate his testimony or independently corroborate his practice of Christianity. Although Lin called a witness who testified to being a pastor at Lin's church, the pastor did not provide credentials to confirm his affiliation or his religious training. The IJ reasonably concluded that Lin could have obtained a document on church

7

letterhead verifying his witness's pastoral duties with Lin's church. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (stating that an IJ may require corroborating evidence so long as it can reasonably be obtained)*; see also Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009). Moreover, the pastor was unable to resolve inconsistent testimony regarding Lin's baptism because he did not join the church until 2014. *See Biao Yang*, 496 F.3d at 273. Nor was the agency required to credit an illegibly signed form letter from the United States church or a photograph of himself with unidentified church officials. *See Xiao Ji Chen*, 471 F.3d at 342.

Given the inconsistencies relating both to past events and Lin's current religious practice, the adverse demeanor finding, and the lack of reliable corroboration, the "totality of the circumstances," supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court