**The STATE of Utah, Plaintiff and Respondent,**

v.

**Verdean Ilas CARTER, Defendant and Appellant.**

**No. 15278.**

Supreme Court of Utah.

April 18, 1978.

---

Larry R. Keller of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

Mr. Carter was charged in three counts with: (a) theft by receiving; (b) attempted theft by extortion, and (c) being a habitual criminal. He was convicted by a jury as charged on counts (a) and (b) above; and convicted by the court of being a habitual criminal. His attack on the conviction of being a habitual criminal is based upon the claim that the statute is unconstitutional. We address that claim first.

Our statute [1] provides:

Any person who has been twice convicted, sentenced, and committed for felony offenses at least one of which offenses having been at least a felony of the second degree or a crime which, if committed within this state would have been a capital felony, felony of the first degree or felony of second degree, and was committed to any prison may, upon conviction of at least a felony of the second degree committed in this state, other than murder in the first or second degree, be determined as a habitual criminal and be imprisoned in the state prison for from five years to life.

In substance, it is the same as that statute which was enacted in 1896 and had remained in our code until 1975 when the above amendment was enacted. The former statute read:

Whoever has been previously twice convicted of crime, sentenced and committed to prison, in this or any other State, or once in this and once at least in any other State, for terms of not less then three years each, shall upon conviction of a felony committed in this State after the passage of this act, other than murder in the first or second degree, be deemed to be an habitual criminal, and shall be punished by imprisonment in the State Prison for not less than fifteen years; . . . [2]

---

1. U.C.A.1953, as amended, 76–8–1001.

2. U.C.A.1953, 76–1–18; Laws of Utah, 1896, sec. 27.

The statute has been held constitutional on each occasion that it has been challenged. See the case of *Thompson v. Harris*.[3]

■ The habitual criminal statute does not create a new crime; it merely enhances the punishment for the conviction of a crime committed when the defendant has theretofore committed at least two other felonies and been committed to prison therefor.[4]

■ The appellant claims the statute is invalid in that it allows the prosecuting attorney discretion to charge or not under the habitual criminal provision of the statute. This discretion rests in the prosecutor in every case as to whether or not to charge a violation of a criminal statute. Some selectivity is always permitted, so long as the election is not discriminatorily based on classifications of race, national origin, sex, religion, etc.[5]

There is no validity to the claim that the statute is unconstitutional.

■ The other error on appeal involves a claim of the attorney-client relationship. The facts of this case are simple: Somebody broke into the office of a large wholesale and retail store and stole checks worth between $30,000 and $35,000 that were attached to store receipts, prepared for entry in the account books of the company. Without the checks, the company had no way of knowing which customer had paid his account; and so it was essential that the checks and receipts be recovered. Some person telephoned the company and stated that he had the checks in his possession. A series of phone calls resulted and threats were made to destroy the checks unless $5,500 was paid as a ransom—$5,000 for the possessor of the checks and $500 for an attorney through whom the checks would be delivered.

An attorney who had previously represented the defendant was contacted and a package of checks was left in his office,

together with a statement that if he would call a certain telephone number, someone would pick up the package and leave $5,500 in its place, $500 of which was for the attorney. The attorney said, "it smells;" that it appears to be extortion; that he would have nothing to do with it; and that he was calling the police. He did not give the defendant's name to the police because the defendant had said to him, "don't tell them it was me."

The police were called and they picked up the checks. The attorney was subpoenaed and forced to reveal the name of the defendant who was subsequently arrested.

At trial, the attorney was again subpoenaed and required to testify. The defendant now says that the arrest was improper due to a breach of duty on the part of *his* attorney who was required to maintain silence as to confidential matters.

■ The trouble with that claim is that the attorney did not occupy the relationship of attorney to the defendant. He refused to have anything to do with the affair and so stated. He advised the defendant that he would call the police and he did that very thing. He never undertook to assist the defendant in any capacity, legal or otherwise. Even if he had undertaken to help the defendant obtain the ransom money, there would be no confidential relationship of lawyer and client that would be protected. If, and when, a lawyer and his client engage in a criminal conspiracy to commit a crime or a tort, contrary to law and good morals, there is no protected confidential relationship as to any statements made by the client.[6]

There is no basis for the claims of error in this case. The defendant had a fair trial and the judgment is hereby affirmed. No costs are awarded.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

3. 107 Utah 99, 152 P.2d 91 (1944).

4. See the cases collected in the following annotations: 58 A.L.R. 20, 82 A.L.R. 345, 116 A.L.R. 209, 132 A.L.R. 91, 139 A.L.R. 673.

5. *People v. McFarland*, 540 P.2d 1073 (Colo. 1975); *City of Minneapolis v. Buschette*, 307 Minn. 60, 240 N.W.2d 500 (1976).

6. Rule 26(2), Utah Rules of Evidence.