Frank E. MOXLEY, Plaintiff
and Appellant,

v.

Lawrence MORRIS, Warden, Defendant
and Respondent.

No. 17581.

Supreme Court of Utah.

Sept. 7, 1982.

Douglas Wahlquist, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

A petition for writ of habeas corpus filed by appellant Moxley, was denied by the trial court after an evidentiary hearing. A timely appeal from that order followed.

The only issue we need discuss is whether the appellant, in pleading guilty to a reduced charge of manslaughter, did so voluntarily and intelligently under the principles and facts enunciated in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and cases decided by this Court, such as *State v. Forsyth*, Utah, 560 P.2d 337 (1977) and *State v. Mills*, Utah, 641 P.2d 119 (1982).

The only contention made on appeal allegedly supportive of a claim that appellant did not enter his guilty plea voluntarily and intelligently was a volunteer statement of counsel that appellant pleaded as he did to avoid commitment to the Utah State Hospital. There is no proof whatever in the record to support such a conclusion.

The appellant appeared with counsel at trial and, with the latter's advice and consent, entered a guilty plea.[1] Counsel said appellant did not always follow his advice and usually was not listening, and frequently changed his mind. Nonetheless, in answer to a question, appellant said he understood what he was doing and that he was ready to proceed. His counsel thought appellant was aware of his options and their consequences, that he understood what he was doing when he entered his plea. Counsel said he would not have allowed appellant to enter a guilty plea, had he not understood such options and consequences.

At the hearing incident to entering the plea, and in response to questions asked by his own counsel, appellant said he understood he was waiving certain constitutional rights, including that of a jury trial and the right against self-incrimination. Appellant further said that he understood the State's burden of proof and that his guilty plea was entered knowingly and voluntarily, of his own free will. The trial judge told him that, responding as he had, he had admitted the truth of the charge and that a plea of not guilty would have denied the charge. When the judge asked if he understood that distinction, appellant responded in the affirmative. The judge also asked the appellant whether he understood that pleading guilty waived certain defenses about which

---

1. In *Guglielmetti v. Turner*, 27 Utah 2d 341, 496 P.2d 261 (1972), we said that "when a defendant enters a plea of guilty upon the advice of a competent attorney, the plea is deemed to be intelligently entered." The competency of counsel was not an issue in this case.

he could not complain on appeal, whether he understood the nature of the charge, and whether he wished to admit it. Appellant also answered to all of these questions in the affirmative.

The appellant's contention that his plea was not voluntary and intelligent is without merit and we so hold.

Neither appellant nor his counsel ever complained about the court's following statement until the filing of his habeas corpus petition:

Based upon your responses to the Court's questions and those of Mr. Metos, the Court finds that your decision to plead guilty to manslaughter, a felony in the second degree, is freely, voluntarily, and intelligently made. And that you've had the advice and counsel with competent lawyers with whom you say you were satisfied. Your plea will be accepted with the Court.

The judgment dismissing the petition for writ of habeas corpus is affirmed.

DURHAM, J., does not participate herein.