**STATE of Utah, Plaintiff and Respondent,**

v.

**Casey Neal SWEAT, Defendant and Appellant.**

No. 20718.

Supreme Court of Utah.

April 8, 1986.

Rehearing Denied July 15, 1986.

Curtis Nesset, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals the sentence imposed on a plea of guilty, alleging that the court erred in considering evidence of his sexual misconduct.

Defendant was initially charged with aggravated burglary, a first degree felony, and theft, a class B misdemeanor. It was alleged that on December 29, 1984, he unlawfully entered the apartment of the victim and took $35 from her after he choked her and told her that he would cut her with a knife if she did not give him money.

In exchange for a dismissal of the charges against him, defendant pleaded guilty to burglary, a second degree felony. At his request, the trial court ordered him to undergo a ninety-day diagnostic evaluation rather than obtaining the usual presentence report. The evaluation refers to his background and criminal record and includes allegations that he had sexually assaulted the victim at the time of the burglary. Prior to sentencing, defense counsel expressed concern as to the reference to sexual misconduct which had never even been charged.[1]

On appeal, defendant suggests that the court improperly relied on the allegations of sexual misconduct in imposing a prison sentence rather than placing him in a substance abuse program. We recently held that so long as basic constitutional safeguards of due process and procedural fairness are afforded, the trial court has broad discretion in considering "any and all information that reasonably may bear on the proper sentence." *State v. Sanwick,* 27 Utah Adv.Rep. 9, 713 P.2d 707 (1986) (quoting *Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984)). In the instant case, information as to defendant's sexual misconduct was reliable, and he was given adequate notice of the allegations. Defendant did not attempt

---

1. While it was not framed as a specific objection or motion, we will treat the issue as having been preserved for appeal.

to call the victim and cross-examine her or to take the stand himself, as he was entitled to do. In its discretion, the trial court therefore could have relied on the information in imposing sentence.

There is, however, no clear indication in the record that defendant's sentence was based on the alleged sexual misconduct. The diagnostic evaluation indicates that he was being considered for a substance abuse program even though he had attended two such programs in the recent past. The evaluation team concluded, however, that "defendant simply wasn't serious [about] changing his behavior" when it was determined that he had used cocaine during the diagnostic period. This fact, when viewed with his extensive criminal record, provides ample basis (even without the sexual misconduct information) to sentence defendant to the statutorily prescribed period.

Affirmed.

STEWART, J., concurs in the result.