THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DANIEL T. KNACK, Appellant.

Second Department, June 1, 1987

## APPEARANCES OF COUNSEL

*Peter Panaro (Gregory R. Kuziw* of counsel), for appellant.

*Denis Dillon, District Attorney (Anthony J. Girese* and *Gary H. Nurkin* of counsel), for respondent.

## OPINION OF THE COURT

NIEHOFF, J.

The question before us is whether there is authority to permit a court to suppress, on motion, evidence of a prior misdemeanor conviction where that prior conviction enhances a subsequent charge to felony status. The County Court answered the question "no", and we agree.

### THE FACTS

On January 17, 1984, in the District Court, First District, Suffolk County, the defendant pleaded guilty to (1) driving while intoxicated, as a misdemeanor, in violation of Vehicle and Traffic Law § 1192 (2), and (2) driving without a license. On March 2, 1984, he was sentenced to a term of three years' probation.

On December 9, 1984, he was arrested in Nassau County and charged with criminal possession of a controlled substance in the seventh degree, in violation of Penal Law § 220.03, and driving with a prohibited amount of alcohol in his blood, as a felony, in violation of Vehicle and Traffic Law § 1192 (2).

Vehicle and Traffic Law § 1192 (5) provides, in relevant part, that a person who operates a vehicle in violation of Vehicle and Traffic Law § 1192 (2) after having been previously convicted of a violation of that same provision within the preceding 10 years, shall be guilty of a felony.

By notice of motion and attorney's affirmation dated March 29, 1985, the defense counsel moved for an order suppressing evidence of the defendant's prior conviction of violating Vehicle and Traffic Law § 1192 (2), so as not to elevate the present charge of violating Vehicle and Traffic Law § 1192 (2) to a felony. The motion was made on the ground that the defendant's prior conviction of violating Vehicle and Traffic Law § 1192 (2), upon his plea of guilty, was constitutionally invalid

for the purpose of raising another offense of driving while intoxicated to the status of a felony because the allocution was invalid and insufficient, and the defendant had ineffective assistance of counsel at both the plea and the sentencing on the prior charges.

CPL 200.60 (1) and (2) provide that when the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such an offense must be accompanied by a special information, filed by the District Attorney with the court, charging that the defendant was previously convicted of the specified offense. CPL 200.60 (3) further provides that:

"After commencement of the trial and before the close of the people's case, the court, in the absence of the jury, must arraign the defendant upon such special information, and must advise him that he may admit the previous conviction alleged, deny it or remain mute. Depending upon the defendant's response, the trial of the indictment must then proceed as follows:

"(a) If the defendant admits the previous conviction, that element of the offense charged in the indictment is deemed established * * *

"(b) If the defendant denies the previous conviction or remains mute, the people may prove that element of the offense charged before the jury as a part of their case".

On April 16, 1985, the Grand Jury returned an indictment charging the defendant with two counts of operating a motor vehicle while under the influence of alcohol as a felony and one count of criminal possession of a controlled substance in the seventh degree. That same day, the District Attorney filed a special information pursuant to CPL 200.60 (2) regarding the defendant's prior conviction for violating Vehicle and Traffic Law § 1192 (2).

On June 28, 1985, an order was entered denying the defendant's motion to suppress evidence of his prior misdemeanor conviction for operating a motor vehicle while under the influence of alcohol. The court, in its decision, concluded that the defendant's remedy was a CPL 440.10 motion to vacate the prior conviction.

The defendant did make a CPL 440.10 motion in the District Court, First District, Suffolk County, to vacate his prior conviction. However, that motion was denied by an order

dated September 17, 1985, and that order was affirmed by the Appellate Term for the Ninth and Tenth Judicial Districts in an order dated September 22, 1986.

On October 10, 1985, the defendant withdrew his plea of not guilty and entered a plea of guilty to operating a motor vehicle while under the influence of alcohol as a felony, in satisfaction of the entire Nassau County indictment. On November 8, 1985, he was sentenced to 60 days' imprisonment, 5 years' probation, concurrent with the jail term, revocation of his driver's license, and a fine.

This appeal brings up for review the denial of the defendant's motion to suppress the use of his prior conviction to enhance the present charge to felony status.

### THE DEFENDANT'S CONTENTIONS

The defendant argues that his motion to suppress should have been granted, and that he is not limited to the remedy of a motion to vacate the prior judgment of conviction pursuant to CPL 440.10. He further contends that upon a showing that his prior conviction entered on his plea of guilty was obtained in violation of his constitutional rights, and that his plea was not knowing and voluntary, the court is empowered to suppress use of that conviction.

In making this argument, the defendant relies heavily upon the case of *People v Sirianni* (109 Misc 2d 781, *revd* 89 AD2d 775). In *Sirianni,* the defendant had been charged with the crime of driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192 (5). The evidence adduced upon a hearing was that the defendant had been previously convicted of driving while intoxicated as a misdemeanor. The prior conviction was upon an uncounseled plea of guilty. The County Court, Cattaraugus County, granted that branch of the defendant's omnibus motion which sought to suppress any evidence of the prior conviction of driving while intoxicated. The court granted the motion on the ground that absent demonstrated knowledge on the part of the defendant, advice of the force and effect of an initial conviction of driving while intoxicated upon a subsequent conviction of the same crime should have been given by the court at the time that counsel was waived and a plea of guilty entered.

Upon appeal, the Appellate Division, Fourth Department, reversed the determination of the County Court. In doing so, the court pointed out that it was enough that the defendant

be fully informed of the punishment for the crime he had already committed; it need not be anticipated that he will again disobey the law and commit additional crimes. In reaching this determination, the Fourth Department did not expressly pass upon the propriety of the defendant's use of a motion to suppress evidence of a prior conviction as a means of preventing his current charge from being elevated to felony status.

Assuming, arguendo, that the defendant is correct in his conclusion that the Fourth Department has impliedly held that a motion to suppress is a proper procedural vehicle available to one in a position such as his, our analysis of the law leads us to a contrary conclusion.

### THE LAW

In addition to the *Sirianni* court, several other courts have dealt with the issue confronting us, with differing results.

Thus, in *People v Ryan* (127 Misc 2d 138), the County Court, Westchester County, concluded that a suppression motion would lie. There, the defendant was arrested and convicted of driving while intoxicated as a misdemeanor. He filed a notice of appeal from that judgment, but the appeal was dismissed for failure to perfect it. Subsequently, he was arrested again for driving while intoxicated, and this time was charged with a felony due to his prior conviction. Thereafter, he made a CPL 440.10 motion to vacate the prior conviction as violative of his due process right to confrontation, but that motion was denied. He then made a pretrial motion to suppress the special information which alleged his prior conviction, but that motion was also denied, on the ground that it was a "collateral attack" on the prior conviction and that his proper remedy would have been a timely appeal *(People v Ryan, supra,* at 140). At the trial, the defense counsel moved to suppress the special information at the time it was offered on the District Attorney's direct case, on the ground that the prior conviction was violative of the defendant's due process rights.

Citing *Baldasar v Illinois* (446 US 222, *reh denied* 447 US 930), the court in *Ryan* held that a defendant has a right to attack, as violative of due process, a predicate conviction which results in an enhancement of punishment. The court went on to say that it recognized that there is no statutory scheme existing for pretrial attacks of this nature in New

York, but that the court, perceiving a wrong, must construct the remedy. The remedy most appropriate, in the court's opinion, was to hold a hearing during the trial, at the time the defendant objects to the introduction of the predicate conviction *(People v Ryan, supra,* at 141).

In *People v Solomon* (113 Misc 2d 790), in finding that a challenge to a predicate conviction used for enhancement of a subsequent charge must be permitted, the Supreme Court, Kings County, also concluded that no remedy existed, but that it had the power to fashion a new remedy. It decided that a motion to controvert the special information was the most appropriate mechanism to test the constitutionality of the defendant's prior conviction.

On the other hand, in *People v De Jesus* (122 Misc 2d 190), the Supreme Court, New York County, denied the defendant's pretrial motion to "controvert" a special information which accompanied an indictment charging him with operating a vehicle while under the influence of alcohol and drugs as a felony, and which alleged that he has been convicted of the same offense as a misdemeanor in 1980. The defendant claimed that the prior conviction was based on a plea that was unconstitutionally obtained, because he was not advised of the rights he was waiving by pleading guilty. As a result, the defendant argued that his prior misdemeanor conviction could not be used to enhance his new offense to felony status.

In denying the defendant's motion to "controvert" the special information, the court held that the defendant could adequately assert his collateral constitutional attack on the prior conviction by way of a CPL 440.10 motion to vacate the judgment of conviction. In response to the defendant's request that the court fashion a new remedy, similar to the review of prior convictions provided by the predicate felony sentencing statutes (i.e., CPL 400.20 [persistent felony offenders]; CPL 400.21 [second felony offenders]), the court analyzed the development of those statutes and noted that when they were passed, the Legislature did nothing to establish a similar procedure for challenging prior misdemeanor convictions used to enhance subsequent offenses to felony status, although the Legislature was fully aware of the existence of such situations. Therefore, the court concluded that it was understood that in those cases only CPL 440.10 motions could serve to raise constitutional claims as to the predicate conviction, and it would not be appropriate for the court to attempt to fashion a

new remedy when a satisfactory means of redress which satisfies due process claims is already available.

We reach a conclusion similar to that of the *De Jesus* court.

As noted previously, CPL 200.60 provides that when a prior conviction is being used to raise a subsequent offense of lower grade to one of higher grade, the prior conviction becomes an element of the new offense. At the trial, the defendant may either admit the prior conviction, in which event the element of the prior offense is deemed established, or, if the defendant chooses to deny the prior conviction, or remains mute, the People must prove the element of the prior conviction as part of their case *(see,* CPL 200.60 [3]). Of course, it is not necessary for the People to prove that the prior conviction was constitutionally obtained in order to secure a felony conviction. A predicate conviction is entitled to, and carries with it, a presumption of regularity.

If, as in the case at bar, the defendant chooses to plead guilty to the new offense, the People are absolved from having to prove any of the elements of the offense, including the element of the prior conviction. By pleading guilty, the defendant has waived the right to put the People to their proof on any of the elements of the crime, including the prior conviction.

In the several cases cited above, dealing with the issue now before us, the courts have recognized that there is no statutory authority for a motion to suppress evidence of a prior conviction in a situation where the prior conviction is used to elevate the subsequent crime to a higher offense. In enacting CPL 400.20 and 400.21, the Legislature has provided a procedural mechanism by which to challenge predicate felonies which may lead to enhanced *sentences.* But, the Legislature has not seen fit to enact similar legislation in cases such as the present one where a defendant is prosecuted for a felony because the degree of criminal conduct is enhanced by virtue of a prior misdemeanor conviction, even though the result may be a greater sentence if the defendant is convicted of the felony. We part company with the *Ryan* and *Solomon* courts in their conclusion that, in order to assure a defendant his due process rights, it is necessary for the courts to fashion a remedy similar to that found in CPL 400.20 and 400.21.

A full panoply of remedies is available to a person in the defendant's position. Prior to sentencing on the prior conviction, he may opt to withdraw his plea *(see,* CPL 220.60 [3]), at

which time he may contest, *inter alia,* the constitutional validity of the plea and allege ineffective assistance of counsel. He may directly appeal from the prior judgment of conviction after sentence is imposed, at which time he may contest all matters appearing on the record *(see, People v Brown,* 13 NY2d 201). Furthermore, he may move pursuant to CPL 440.10, to vacate the prior judgment of conviction after sentence at which time he may contest matters not appearing on the record, including his inability to have voluntarily entered the plea and ineffective assistance of counsel.

Having been given a full range of opportunities to attack the propriety of his prior conviction on every possible ground, including the right to attack the constitutional validity of his prior plea, the defendant is not denied due process simply because his arsenal does not include the additional remedy of a motion to suppress.

In view of the fact that the remedies enumerated above provide the defendant with adequate protection of his due process rights, we can find no justification for fashioning a new remedy for the defendant in the form of a motion to suppress.

Therefore, the defendant's conviction for driving while intoxicated as a felony should be affirmed.

BRACKEN, J. P., EIBER and SULLIVAN, JJ., concur.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).