222 N.J. Super. 636 (1987)
537 A.2d 792
STATE OF NEW JERSEY
v.
DAVID LAURICK, DEFENDANT.
Superior Court of New Jersey, Law Division Burlington County.
Decided August 17, 1987.
*637 Terri-Anne Duda, Assistant Prosecutor, for the State (Stephen G. Raymond, Burlington County Prosecutor).
Jay G. Trachtenberg for Defendant.
HAINES, A.J.S.C. (Sitting as Municipal Court Judge).
The defendant Laurick was convicted by a municipal court of driving while intoxicated. He has now been convicted of the same offense a second time. N.J.S.A. 39:4-50(a)(2) provides:
For a second violation [of operating a motor vehicle while under the influence of intoxicating liquor], a person shall be subject to a fine of not less than *638 $500.00 nor more than $1000.00, and shall be ordered by the court to perform community service for a period of 30 days, which shall be of such form and on such terms as the court shall deem appropriate under the circumstances, and shall be sentenced to imprisonment for a term of not less than 48 consecutive hours, which shall not be suspended or served on probation, nor more than 90 days, and shall forfeit his right to operate a motor vehicle over the highways of this State for a period of two years upon conviction....
Laurick opposes the imposition of the enhanced penalty, arguing that the first conviction should not be considered for that purpose since he was not then represented by counsel. Evidence was received with respect to that claim. Laurick testified that he not only lacked counsel when convicted but also that he had not been advised of his right to counsel and had made no knowing waiver of that right. The State presented no contradictory evidence.
The rule for which the defendant contends is the law of this State. A prior conviction of a non-indictable offense may not be used for sentence enhancement purposes when (1) the punishment for that offense was a "consequence of magnitude"; (2) the defendant was not represented and (3) there was no intelligent waiver of counsel. The rule has evolved from the New Jersey Supreme Court's opinion in Rodriquez v. Rosenblatt, 58 N.J. 281 (1971), in which the Court said:
[A]s a matter of simple justice, no indigent defendant should be subjected to a conviction entailing imprisonment in fact or other consequence of magnitude without first having had due and fair opportunity to have counsel assigned without cost.
....
[W]henever the particular nature of the charge is such that imprisonment in fact or other consequence of magnitude is actually threatened or is a liklihood on conviction, the indigent defendant should have counsel assigned to him unless he chooses to proceed pro se with his plea of guilty or his defense at trial. [at 295]
A substantial loss of driving privileges is a "consequence of magnitude." State v. Sweeney, 190 N.J. Super. 516, 524 (App. *639 Div. 1983). Prior appellate opinions on the subject, while discussing the rule, have not applied it. They require analysis.
State v. Bowman, 131 N.J. Super. 209, aff'd, 135 N.J. Super. 210 (App.Div. 1975), suggested the rule. Bowman was twice convicted of driving a motor vehicle without insurance coverage. The second conviction mandated imposition of a three-month prison term and revocation of the defendant's driving privileges for two years. The Bowman court said:
Supplementing the opinion, we find no basis for the claim raised for the first time in the County Court and again urged on this appeal, that defendant's conviction as a second offender is void because the State failed to prove he knowingly waived his right to counsel when he pleaded guilty in the Brielle Municipal Court. Certification by the judge of that court, submitted following an order enlarging the appellate record, clearly shows that defendant was advised of his right to counsel and knowingly waived it before he pleaded guilty. [at 211]
State v. Garcia, 186 N.J. Super. 386 (Law Div. 1982), addressed the issue squarely in a criminal setting. Garcia involved a defendant who pleaded guilty to third degree burglary. He had prior convictions of one or more non-indictable offenses in connection with which he was not represented by counsel. The court, citing decisions of the United States Supreme Court, held that an uncounseled prior conviction could not be used to enhance punishment. It quoted from Justice Marshall's opinion in Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), in which the Justice thought it "plain that petitioner's prior uncounseled misdemeanor conviction could not be used collaterally to impose a term of imprisonment upon a subsequent conviction." [at 226, 100 S.Ct. at 1587].
State v. Sweeney involved two defendants twice convicted of drunk driving. Both were sentenced by the municipal court as second offenders. They were fined and their licenses were revoked for periods of two and three years. They did not receive prison terms. The Superior Court, Law Division, decided they should have been sentenced as first offenders because their prior convictions had been uncounseled.
*640 The Appellate Division reversed and reinstated the municipal court sentences. The Court noted that the defendants, in connection with their first conviction, had no right to counsel under the Sixth and Fourteenth Amendments to the federal Constitution because they had not been sentenced to prison. 190 N.J. Super. at 520. It analyzed Baldasar, noting that it was a case without a majority opinion, and said:
None of the views expressed by the justices precludes using the present defendants' prior convictions to impose enhanced noncustodial penalties for a second driving under the influence conviction. [at 523]
The Court found, however, that State law required a different result. Rodriquez mandated counsel not only when a defendant faced a jail term but also when he faced the loss of driving privileges. Consequently, on proper proofs, the prior uncounseled convictions of the defendants in Sweeney should not have provoked an enchanced sentence. The rule was not applied, however, because the defendants' burden of proving the lack of counsel had not been carried. The municipal court sentences were therefore reinstated.
State v. Regan, 209 N.J. Super. 596 (App.Div. 1986), provides a like analysis of Sweeney. It held that a conviction of drunk driving in New York was properly considered for sentence enhancement purposes. Regan failed to convince the Court that he did not waive counsel at the time of his New York conviction. The Court said: "... we cannot presume that he could not afford counsel or did not waive his right to retain counsel there." [at 606] Had defendant carried the burden of proof, it appears that his New York conviction would not have been admissable for enhancement purposes.
In the present case, Laurick had the burden of proving the absence of counsel when he was first convicted. He carried that burden through his own testimony. Consequently, his first conviction may not be considered for sentence enhancement purposes.