OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted in Nassau County of driving while intoxicated under Vehicle and Traffic Law § 1192. Because he had previously been convicted of the same offense as a result of a prior guilty plea in Suffolk County, his Nassau County crime was treated as a felony under Vehicle and Traffic Law § 1192 (5), which makes a prior misdemeanor conviction under the statute an aggravating element.
On this appeal, defendant argues, as he did in the courts below, that he was erroneously denied the opportunity to challenge the constitutional validity of his prior Suffolk County conviction by a motion in limine made within the context of the Nassau County criminal action. Although he recognizes that the Legislature has not provided for such a motion, he contends that this court should fashion a special judicial procedure for contesting the constitutionality of prior convictions based on guilty pleas that are to be relied upon as aggravating elements of a new crime. He further suggests that the court should consider, by way of analogy, such legislatively created procedures for obtaining in limine rulings as suppression motions (see, CPL art 710) and challenges to *827 predicate felonies to be used for purposes of enhanced sentencing (see, CPL 400.21).
We decline defendant’s invitation, however, since there already exist several procedural vehicles for challenging the constitutional propriety of guilty pleas under the facts presented here (cf., People v Lopez, 71 NY2d 662). Thus, a new, judicially created, remedy is not needed in this situation to ensure protection of the accused’s right to due process of law (cf., People v Bachert, 69 NY2d 593).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.