STATE of Utah, Plaintiff and Appellee,

v.

Gary Charles TRIPTOW, Defendant and Appellant.

No. 870008.

Supreme Court of Utah.

March 1, 1989.

Rehearing Denied March 28, 1989.

Andrew A. Valdez, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Salt Lake City, L.A. Dever, Vernal, for plaintiff and appellee.

ZIMMERMAN, Justice:

Following a bench trial, defendant Gary Charles Triptow was convicted of theft, found to be an habitual criminal, and sentenced to a term of five years to life in the Utah State Prison as required by the habitual criminal statute. *See* Utah Code Ann. § 76-8-1001 (1978). He appeals only from the habitual criminal conviction. Triptow asserts that the trial court erred in admitting what purported to be copies of certain public documents containing hearsay as evidence of his prior convictions. He further argues that the State had the burden of proving that he was represented by counsel when he was previously convicted and that absent the challenged hearsay there is no evidence upon which any such finding can be based. We affirm.

Triptow was tried on the habitual criminal charge immediately following his conviction for second degree felony theft. Utah's habitual criminal statute provides for an enhanced sentence of five years to life for one convicted of either a second or a first degree felony when that person was previously convicted of two felonies of the requisite degree. Utah Code Ann. § 76-8-1001 (1978).[1] The State attempted to prove Triptow's prior felony convictions by introducing five sets of copies of public documents (exhibits 7 through 11). Defense counsel objected to the introduction of the documents, arguing that they con-

---

1. Any person who has been twice convicted, sentenced, and committed for felony offenses at least one of which offenses having been at least a felony of the second degree or a crime which, if committed within this state would have been a capital felony, felony of the first degree or felony of second degree, and was committed to any prison may, upon conviction of at least a felony of the second degree committed in this state, other than murder in the first or second degree, be determined as a habitual criminal and be imprisoned in the state prison for from five years to life.
Utah Code Ann. § 76-8-1001 (1978).

tained inadmissible hearsay and were not authenticated properly so as to qualify for any of the applicable hearsay exceptions. *See* Utah R.Evid. 801, 803, 804, 902. The trial court allowed all the documents to be admitted, and Triptow was convicted of being an habitual criminal.

Before this Court, Triptow concedes that one set of documents offered at trial, exhibit 9, was properly authenticated under Utah Rule of Evidence 902 and, therefore, was properly admitted under Utah Rule of Evidence 803(8). However, he contends that the remaining documents, exhibits 7, 8, 10, and 11, were not authenticated and should not have been admitted. We need not decide whether exhibits 7, 8, 10, and 11 were properly admitted because we conclude that exhibit 9 alone contains the evidence necessary to support a finding of guilt on the habitual criminal charge. Any error in admitting the other documents was harmless because they were merely cumulative of what was proven by exhibit 9. Therefore, any error must be disregarded under rule 30, Utah Rules of Criminal Procedure, and rule 103, Utah Rules of Evidence.

The documents constituting exhibit 9 show that before his theft conviction, Triptow had been twice convicted, sentenced, and committed in Utah for felony offenses, including one of the second degree. Triptow acknowledges that these express elements of section 76-8-1001 are satisfied by exhibit 9; however, he contends that there is what amounts to another element that must be proven by the State, one implied as a result of the United States Supreme Court's decisions in *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, *reh'g denied,* 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980), and *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), dealing with the sixth amendment right to counsel.[2] According to Triptow, those decisions hold that the use of an uncounseled prior conviction to enhance the penalty for a current offense constitutes an infringement of a defendant's sixth amendment right to the effective assistance of counsel. Triptow argues that to assure that the holdings of *Baldasar* and *Burgett* are implemented and the defendant's rights protected, a court considering an habitual criminal charge must require that before evidence of a prior conviction can be admitted, the State has the burden of showing not only that the conviction occurred, but also that the defendant had counsel at the time of the previous guilt determination.

We believe Triptow reads too much into *Burgett* and *Baldasar.* In each of those cases, the prosecution was allowed to introduce evidence of a prior conviction that was obviously uncounseled. The Supreme Court reversed, holding only that unless counsel was knowingly waived, an uncounseled prior conviction may not be used in a later prosecution "either to support guilt or enhance punishment for another offense." *Burgett,* 389 U.S. at 115, 88 S.Ct. at 262. In each case, it was plain that the defendant did not have the benefit of counsel during the previous conviction,[3] and in nei-

**2.** The sixth amendment provides as follows: "In all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of counsel for his defence." U.S. Const. amend. VI.

 The Utah Constitution provides for a similar right. Utah Const. art. 1, § 12, *see, e.g., Kuehnert v. Turner,* 28 Utah 2d 150, 499 P.2d 839 (1972). However, Triptow has not raised and we do not reach the question of how the state constitutional right would apply in this case. *See State v. Lafferty,* 749 P.2d 1239, 1247 n. 5 (Utah 1988).

**3.** In *Burgett,* the record of the prior conviction on its face raised the presumption that the defendant was denied the right to counsel. 389 U.S. at 114–15, 88 S.Ct. at 261–62. In *Baldasar,* the state introduced evidence of a prior misde-

meanor conviction for the purpose of reclassifying a misdemeanor theft charge as a felony. The record showed that the defendant had not been represented by a lawyer in the prior proceeding and had not formally waived counsel. 446 U.S. at 223, 100 S.Ct. at 1585–86. Under *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the defendant was not entitled to counsel for the earlier misdemeanor prosecution because he had not been ultimately sentenced to jail. *Baldasar* turned on whether such an uncounseled, but otherwise valid, misdemeanor conviction could support the reclassification of a subsequent misdemeanor as a felony, not on whether the state had the burden of proving representation by counsel for the prior proceeding. The Court held that the prior uncounseled conviction, even though valid in its

ther case did the Court reach the question of who bears the burdens of pleading and proof on the question of whether the defendant was counseled. That question is pivotal to Triptow's claim, and we note that neither party to this appeal has adequately addressed it.

Our own research has shown that a number of state courts have considered the question left open by *Burgett* and *Baldasar*, i.e., who bears the burden of proof on the issue of representation or waiver of counsel in prior proceedings leading to a conviction that is used to increase the penalty in a subsequent prosecution? Among those states, we have identified at least three divergent views on the question.[4] A significant factor is the degree to which the courts focus on the presumption of regularity that attends any judgment which has not been appealed from. *See, e.g., Dunn v. Commonwealth,* 703 S.W.2d 874, 876 (Ky. 1985), *cert. denied,* 479 U.S. 832, 107 S.Ct. 121, 93 L.Ed.2d 67 (1986); *People v. Knack,* 128 A.D.2d 307, 312, 516 N.Y.S.2d 465, 469 (1987), *aff'd,* 72 N.Y.2d 825, 526 N.E.2d 32, 530 N.Y.S.2d 541 (1988). Some courts are of the view that after the state proves the fact of a defendant's prior conviction, this presumption of regularity requires that the defendant prove, by a preponderance of the evidence, that there was an actual lack of representation without a knowing waiver of counsel in the earlier proceeding. *See, e.g., Croft v. State,* 513 So.2d 759, 761 (Fla.Dist.Ct.App.1987) (per curiam); *State v. Laurick,* 222 N.J.Super. 636, 537 A.2d 792 (1987); *In re Kean,* 520 A.2d 1271, 1278 (R.I.1987). A second group of courts takes the position advocated by Triptow, which is to effectively disregard the presumption of regularity and require as an initial matter that the state

affirmatively prove by at least a preponderance of the evidence either that the defendant was represented by counsel or that he or she knowingly waived counsel. *See, e.g., State v. Morishige,* 65 Haw. 354, 367, 652 P.2d 1119, 1129 (1982); *State v. Hicks,* 11 Kan.App.2d 76, 85–88, 714 P.2d 105, 113–15 (1986); *State v. Elling,* 11 Ohio Misc.2d 13, 463 N.E.2d 668 (Com.Pl.1983). A third group of courts takes a middle position. They acknowledge the presumption of regularity but allow the defendant to rebut that presumption by merely raising the issue and producing some evidence that counsel was not present and was not waived. This is enough to shift the burden to the state to affirmatively prove either representation or waiver by at least a preponderance of the evidence. *See, e.g., Smith v. State,* 477 N.E.2d 857, 865 (Ind. 1985); *Middleton v. State,* 67 Md.App. 159, 161, 506 A.2d 1191, 1200 (1985), *cert. denied,* 308 Md. 146, 517 A.2d 771 (1986); *State v. Smith,* 66 N.C.App. 570, 579, 312 S.E.2d 222, 227 (1984).

Although this Court has not directly addressed the issue, we considered a somewhat analogous question in *State v. Branch,* 743 P.2d 1187 (Utah 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1597, 99 L.Ed.2d 911 (1988). In *Branch,* the State introduced evidence of three prior convictions based on the defendant's guilty pleas. The defendant attacked his habitual criminal conviction by contending that the State had failed to prove that his prior guilty pleas were voluntary. This Court acknowledged that an involuntary guilty plea could not be used to support an habitual criminal conviction. 743 P.2d at 1192 (citing *Burgett*). However, the defendant did not assert that his pleas were, in fact, involuntary. Rather he contended that the State

own right under *Scott,* could not be used to elevate the subsequent misdemeanor theft sentence to a felony when the consequence was to increase the exposure to jail time. *See* 446 U.S. at 226, 100 S.Ct. at 1587 (Marshall, J., concurring); *see also Wang v. Withworth,* 811 F.2d 952, 955–56 (6th Cir.), *cert. denied,* 481 U.S. 1051, 107 S.Ct. 2185, 95 L.Ed.2d 842 (1987).

**4.** Some of the cases cited here have considered the burden of proof question in the same context as the present case—the use of a prior

conviction to support an habitual offender determination. Other courts have addressed the question in other contexts, including the use of a prior conviction as an aggravating factor in a sentencing proceeding or for the purpose of raising a subsequent crime from a misdemeanor to a felony. For our purposes, we see no need to distinguish between such cases, as they all address the same central question, although in somewhat different contexts.

had failed to affirmatively prove that the pleas were voluntary.

We invoked what was in effect a presumption of the regularity of the proceedings leading to the prior convictions because the defendant had been represented by counsel. We stated:

> [I]n the absence of any evidence demonstrating the pleas were involuntary, the pleas are presumed to have been voluntary. *See Moxley v. Morris*, 655 P.2d 640, 641 (Utah 1982). A defendant can overcome this presumption by presenting to the trial court some evidence of involuntariness, thus shifting back to the State the burden of demonstrating voluntariness. The defendant is the party who can most readily demonstrate that the pleas were involuntarily made if they indeed were....

*Id.* at 1192–93; *see also State v. Saunders*, 699 P.2d 738, 743 (Utah 1985). Similarly, the defendant here is in the best position to raise the issue of lack of counsel for earlier convictions.

We hold that the procedure followed by the third group of courts discussed above most realistically balances the various policies at issue while fully protecting the right to counsel upon which *Baldasar* and *Burgett* are founded. As we observed in *Branch*, the defendant is the one best situated to know whether his or her sixth amendment right was infringed in the earlier proceedings; therefore, it is appropriate to presume that the right to counsel has been observed unless the defendant affirmatively contends to the contrary.

To be specific, when a defendant is charged as an habitual criminal, the State bears the burden of proving the prior conviction, sentencing, and commitment as required by section 76-8-1001. A previous judgment of conviction so proven is entitled to a presumption of regularity, including a presumption that the defendant was represented by counsel. This presumption satisfies any initial burden the State may have of proving that the defendant had or knowingly waived counsel. After proof of the previous conviction is introduced, the burden is on the defendant to raise the issue and produce some evidence that he or she was not represented by counsel and did not knowingly waive counsel. Once the defendant has presented some evidence, the presumption of regularity is rebutted and the burden shifts to the State to prove by a preponderance of the evidence that the defendant was in fact represented or knowingly waived representation.

Returning to the instant case, once the State introduced exhibit 9, the presumption of regularity applied; Triptow then had the burden of raising the *Baldasar–Burgett* issue and coming forward with some evidence that he was not represented by counsel during his prior convictions and had not waived counsel. However, he did not raise the issue and failed to proffer any competent evidence to rebut the presumption. Therefore, the presumption of the regularity of the prior convictions stands.

The conviction is affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM, J., concur.

STEWART, Justice (dissenting):

I dissent because the majority opinion relieves the prosecution of its burden of proof. The majority places the burden of proof on the defendant "to raise the issue and produce some evidence that he or she was not represented by counsel and did not knowingly waive counsel" at an earlier proceeding which resulted in a conviction. The majority further holds that it is "appropriate to presume that the right to counsel has been observed unless the defendant affirmatively contends to the contrary." In my view, the Court misreads *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319 (1967), and *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam).

*Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), established a rule that the right to counsel in state criminal proceedings is guaranteed by the Sixth Amendment. It is therefore impermissible to try a person for a felony in a state court unless that person has an attorney or knowingly and intentionally waives

the right to an attorney. *Burgett v. Texas* involved a Texas prosecution in which an indictment under the state recidivist statute alleged prior convictions of the defendant. One of the alleged convictions was a Tennessee conviction for forgery. Two records of the Tennessee conviction were offered in evidence by the prosecution. The first record showed that the defendant had not been represented by counsel and that there was no indication of waiver of counsel. The second record omitted any reference to counsel. 389 U.S. at 112, 88 S.Ct. at 260. In holding that the Tennessee conviction could not be used under the Texas recidivist statute, the Supreme Court stated:

> In this case the certified records of the Tennessee conviction *on their face* raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. *Presuming waiver of counsel from a silent record is impermissible.* . . . To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case.
>
> . . . .
>
> *The admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial* and we are unable to say that the instructions to disregard it made the constitutional error "harmless beyond a reasonable doubt" within the meaning of *Chapman v. California* [386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)] . . . .

389 U.S. at 114–15, 88 S.Ct. at 261–62 (citations omitted, footnotes omitted, emphasis added).

*Burgett* states that for evidence of a prior conviction to be *admissible,* the evidence must demonstrate that the conviction was constitutionally valid. Thus, *Burgett,* by conditioning admission of such evidence on the validity of the conviction, impliedly places the burden on the prosecution to demonstrate that the conviction was valid. The prosecution, as proponent of such evidence, must show, through either the documentary evidence itself or other evidence, that the conviction was obtained with the benefit of counsel or that counsel was knowingly and voluntarily waived. Furthermore, as the above-quoted material demonstrates, a document showing a conviction but no indication that the defendant is represented by counsel is inadmissible because "presuming waiver of counsel from a silent record is impermissible."

Thus, the documents evidencing a conviction of a felony should demonstrate on their face that defendant was represented by counsel or that counsel was properly waived, or that proof should be adduced by the prosecution pursuant to some other evidence, either oral or documentary, as a predicate to admission of evidence of the prior conviction.

In *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), a majority of the Supreme Court held that a previous, uncounseled misdemeanor conviction could not support increasing a subsequent offense to a felony. In his concurrence, Justice Marshall, joined by Justices Brennan and Stevens, elucidated the rationale for such a holding, and it is also applicable to the current case:

> We should not lose sight of the underlying rationale of *Argersinger* [*v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 2d 530 (1972)], that unless an accused has "the guiding hand of counsel at every step in the proceedings against him," . . . his conviction is not sufficiently reliable to support the severe sanction of imprisonment. . . . An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute. It is therefore incorrect to say that our decision today creates a "new hybrid" of misdemeanor convictions. . . . To the contrary, a rule that

held a conviction invalid for imposing a prison term directly, but valid for imposing a prison term collaterally, would be an illogical and unworkable deviation from our previous cases.

*Id.* 446 U.S. at 227–29, 100 S.Ct. at 1587–89 (citations omitted, footnotes omitted).

It is no great burden for the State to have to prove the validity of a prior conviction. That kind of evidence is routinely kept concerning felony convictions. Because of ready access to such documentation, the State should have no great difficulty in obtaining the necessary proof.

A fundamental flaw in the majority opinion stems from its reliance on cases that treat habitual criminal charges as a sentencing enhancement rather than a separate charge.[1] However, this is technically not the case in Utah. Despite statements to the contrary in our previous cases, the habitual criminal statutes of this state treat the determination of being a habitual criminal as a separate crime. None of our previous cases which have characterized the offense as a *sentence enhancement,* rather than a separate crime, has reconciled Utah Code Ann. § 78–8–1002, which describes the procedure to be used in such cases, with § 76–8–1001, which describes the substantive elements of the offense. *See, e.g., State v. Stilling,* 770 P.2d 137 (Utah 1989); *State v. Bailey,* 712 P.2d 281, 286–87 (Utah 1985); *State v. Carter,* 578 P.2d 1275, 1276–77 (Utah 1978). Utah Code Ann. § 76–8–1001 (1978) describes the elements of being a habitual criminal:

> Any person who has been twice convicted, sentenced, and committed for felony offenses at least one of which offenses having been at least a felony of the second degree or a crime which, if committed within this state would have been a capital felony, felony of the first degree

---

[1]. The majority opinion states three positions which it discerns from the case law regarding who bears the burden of proof on the issue of representation or waiver in prior proceedings. For each position, the majority cites three cases which it states espouses the position noted. In a footnote, the majority states that not all of the cases involve habitual offender determinations and some involve "raising a subsequent crime from a misdemeanor to a felony." The majority "see[s] no need to distinguish between such cases...." However, such differentiation is critical, especially in cases where the prior conviction was for an uncounseled misdemeanor. In *Scott v. Illinois,* 440 U.S. 367, 373, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979), the Supreme Court adopted "actual imprisonment as the line defining the constitutional right to appointment of counsel." Therefore, counsel need not be appointed in the case of a misdemeanor where the defendant is not subject to incarceration. A subsequent conviction in such a case is valid in contrast to an uncounseled conviction in a felony case, which is invalid unless there was a proper waiver of counsel. In fact, the three cases cited by the majority for the most stringent position, i.e., that prior convictions are entitled to a presumption of regularity which requires the defendant to prove otherwise by a preponderance of the evidence, are all cases which involve prior convictions for misdemeanors used as a subsequent enhancement. *See Croft v. State,* 513 So.2d 759, 760 (Fla.Dist.Ct. App.1987) (per curiam) (eleven prior misdemeanor convictions used to enhance sentence) (*Croft* relies on *Allen v. State,* 463 So.2d 351 (Fla.Dist.Ct.App.1985), which concerned elevation of theft charges to a felony because of prior misdemeanor theft convictions); *State v. Lau-*

*rick,* 222 N.J.Super. 636, 537 A.2d 792 (1987) (enhancement of driving while intoxicated charge after prior conviction for the same offense); *In re Kean,* 520 A.2d 1271 (R.I.1987) (enhancement of sentence for driving while intoxicated after prior conviction for the same offense). Furthermore, the cases rely either on local rule, *Croft* and *Allen,* or the fact that the enhancement of the subsequent offense involves no incarceration, *Laurick,* or a total lack of evidence presented by the defendant, *Kean,* to reach their result and satisfy *Baldasar.* Indeed, none of the above cases, cited by the majority, discusses or even mentions *Burgett,* a case involving felonies.

The cases cited by the majority as supporting the position which it adopts, the "middle position," do involve enhancement under habitual criminal statutes. *Smith v. State,* 477 N.E.2d 857 (Ind.1985); *Middleton v. State,* 67 Md.App. 159, 506 A.2d 1191, *cert. denied,* 308 Md. 146, 517 A.2d 771 (1986); *State v. Smith,* 66 N.C.App. 570, 312 S.E.2d 222, *rev. denied,* 310 N.C. 747, 315 S.E.2d 708 (1984). However, one of those cases, *State v. Smith,* does not even cite *Burgett* and one of the others, *Smith v. State,* does not explain why *Burgett* is inapplicable. The final case, *Middleton v. State,* does not fully support the majority position. In that case, the court concluded that the issue of the invalidity of a prior conviction may be "generated ... on the face of the documents offered to prove the conviction...." 506 A.2d at 1200. Therefore, of the cases cited for the most stringent or the intermediate positions, none analyzes the problem in light of *Burgett* except *Middleton,* which is contrary to the majority's position.

or felony of second degree, and was committed to any prison may, upon conviction of at least a felony of the second degree committed in this state, other than murder in the first or second degree, be determined as a habitual criminal and be imprisoned in the state prison for from five years to life.

Utah Code Ann. § 76–8–1002 (1978), describing the procedure to be used in such cases, states in pertinent part:

(2) If the defendant is bound over to the district court for trial, the county attorney shall in the information or complaint set forth the felony committed within the state of Utah and the two or more previous felony convictions relied upon for *the charge* of being a habitual criminal. If a jury is impaneled, it shall not be told of the previous felony convictions or *charge* of being a habitual criminal. The trial on the felony committed within the state of Utah shall proceed as in other cases.

(3) If the court or jury finds the defendant guilty of the felony charged, then *the defendant shall be tried* immediately *by the same judge and jury*, if a jury was impaneled, *on the charge of being a habitual criminal, unless the defendant has entered or enters a plea of guilty to the charge of being a habitual criminal.*

(Emphasis added.)

Section 76–8–1002 clearly states that the crime of being a habitual criminal is a separate charge. The section also declares that in a separate proceeding from the trial on the substantive charge, the defendant shall be *tried* and shall be tried by the same jury or judge that tried the substantive charge. The trial must occur unless the defendant *pleads* guilty to the *charge* of being a habitual criminal. Obviously, the statute contemplates a trial on the charge of being a habitual criminal. However, this Court has never confronted the

issue of whether there is a difference between a charge of being a habitual criminal and a *crime* of being a habitual criminal; rather, the Court has simply relied on § 76–8–1001 to characterize being a habitual criminal as a "sentence enhancement." *See, e.g., Stilling, Bailey, Carter.* However, if the habitual criminal statute "does not create a new crime," but rather "merely enhances the punishment," then why is a jury impaneled to hear the habitual criminal charge? *Carter*, 578 P.2d at 1277. A jury has no function in the sentencing of criminal defendants in Utah except in capital cases, *see* Utah Code Ann. § 76–3–207 (Supp.1988); the only purpose of a jury in criminal cases in Utah is to try criminal defendants. Furthermore, why does § 76–8–1002 call for a *trial* on the *charge* of being a habitual criminal unless the defendant *pleads* guilty to the offense? "Charging," "pleading," and "trial" are not characteristics of sentencing.

The reality of the situation is that while this Court views habitual criminality as a sentence enhancement, the district courts of this state, following the procedure of § 76–8–1002, regularly hold trials on the charge of being a habitual criminal. Indeed, in this case, the defendant was separately charged, convicted, and sentenced for being a habitual criminal.[2] This dichotomy needs to be remedied. If, as defined by statute, being a habitual criminal is a separate offense (which may be constitutionally questionable), then a defendant should have the whole range of trial rights available to him. Included in those basic rights are a presumption of innocence and a right to have the prosecution prove every element of the offense, including the fact that previous convictions are valid, beyond a reasonable doubt.

Even if, as the Court has previously concluded, being a habitual criminal results only in a sentence enhancement, a defendant is not stripped of his due process

---

**2.** The information stated:

COUNT II HABITUAL CRIMINAL, a First Degree Felony, in Salt Lake County, State of Utah, on or about August 18, 1986, in violation of Title 76, Chapter 8, Section 1001, Utah Code Annotated 1953, as amended, in that the defendant, GARY CHARLES TRIPTOW, a par-

ty to the offense, committed the Second Degree Felony charged in Count I above, and was then and there a person who had been twice convicted, sentenced and committed for felony offenses at least one of which offenses having been at least a felony of the Second Degree, and was committed to prison  ..

rights in the sentencing phase. *See, e.g., State v. Sweat,* 722 P.2d 746 (Utah 1986); *State v. Casarez,* 656 P.2d 1005, 1007 (Utah 1982); *State v. Wood,* 648 P.2d 71, 81 (Utah 1982). Indeed, this Court has stated, "Procedural fairness is as obligatory at the sentencing phase of a trial as at the guilt phase." *State v. Casarez,* 656 P.2d at 1007. In my view, it is inherently unfair to "enhance" a sentence on the basis of a prior invalid conviction. Yet under the majority's approach, that will happen unless a defendant offers an objection and presents "some evidence" concerning the prior conviction.[3] If the prosecution has evidence that the prior conviction was valid, such evidence should be presented; if the prosecution cannot produce evidence of a valid conviction, it should not be allowed to rely on a conviction which may be invalid to support a subsequent "enhancement" or conviction on an allegation of being a habitual criminal.

---

**3.** While all defendants are handicapped under such a system, the naive or mentally deficient offender will be particularly disadvantaged. Such an individual may be unable to comprehend or coherently articulate the problems with the prior conviction.