2002 UT App 299

**STATE of Utah, Plaintiff and Appellee,**

v.

**Lance Allan POOLER, Defendant and Appellant.**

No. 20010623–CA.

Court of Appeals of Utah.

Sept. 19, 2002.

J. Franklin Allred and L. Clark Donaldson, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kris C. Leonard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges BENCH, ORME, and THORNE.

## OPINION

BENCH, Judge:

¶ 1 Defendant appeals his conviction for one felony count of driving under the influence of alcohol. We affirm.

## BACKGROUND

¶ 2 In August 2000, Defendant was charged with driving under the influence of alcohol (DUI), which was enhanced to a third degree felony because of two prior DUI convictions in justice court, one in 1996 and one in 1997. *See* Utah Code Ann. § 41–6–44 (1998). The State produced evidence of the prior convictions, which Defendant moved to strike, claiming that (1) they were not sup-

ported by proof of compliance with the notification of enhancement requirements under section 41–6–44; and (2) they did not prove compliance with plea requirements of rule 11 of the Utah Rules of Criminal Procedure.

¶ 3 The trial court ruled that it lacked jurisdiction to determine whether Defendant's 1996 and 1997 convictions were constitutionally infirm or whether the courts in those cases had complied with rule 11. After the denial of his motion, Defendant entered a conditional guilty plea and now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 4 Defendant argues that the trial court improperly admitted evidence of his two prior DUI convictions for enhancement purposes without first holding an evidentiary hearing on whether he was afforded his constitutional right to counsel in the prior proceedings. We review a trial court's factual findings for clear error and its conclusions of law for correctness. *See State v. Pena*, 869 P.2d 932, 935–36 (Utah 1994).

## ANALYSIS

¶ 5 The supreme court's decision in *State v. Triptow*, 770 P.2d 146 (Utah 1989), addresses the requirements for the use of prior convictions for enhancement purposes. Although *Triptow* deals with the use of prior offenses to designate the defendant as a habitual criminal, the reasoning is applicable to the present case. *See id.* at 146.

¶ 6 In *Triptow*, the court analyzed approaches used by different jurisdictions in resolving the question of "who bears the burden of proof on the issue of representation or waiver of counsel in prior proceedings leading to a conviction that is used to increase the penalty in a subsequent prosecution?" *Id.* at 148. The court then concluded that, in Utah, the State bears the initial burden of "proving the prior conviction, sentencing, and commitment." *Id.* at 149. The previous judgment of conviction is thereafter "entitled to a presumption of regularity, including a presumption that the defendant was represented by counsel." *Id.* After the State has introduced evidence of the prior

conviction, the burden shifts to the defendant "to raise the issue and produce some evidence that he or she was not represented by counsel and did not knowingly waive counsel." *Id.* When the presumption of regularity is rebutted by the defendant, the State must prove by a preponderance of the evidence that the "defendant was in fact represented or knowingly waived representation." *Id.*

¶ 7 In this case, the State met its initial burden by introducing record evidence of Defendant's two prior DUI convictions, which are entitled to a presumption of regularity. Defendant did not present or proffer any evidence specifying the irregularities that he now claims. Instead, Defendant merely argues that it is the State's burden to prove that the prior proceedings complied with all constitutional requirements. Because Defendant failed to provide "some evidence" to rebut the initial presumption, the trial court could presume the regularity of the proceedings. *Id.* Thus, we conclude that the prior convictions were properly used for enhancement purposes.

## CONCLUSION

¶ 8 The State properly introduced evidence of Defendant's two prior DUI convictions. Thereafter, Defendant failed to introduce any evidence that the prior convictions were entered without the benefit of counsel or without a voluntary waiver of counsel. Therefore, the trial court could presume the regularity of the proceedings and correctly denied Defendant's motion to strike the prior convictions.

¶ 9 Accordingly, we affirm.

¶ 10 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., Judges.