■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY V. BROWN, Appellant. [786 NYS2d 592]—

Crew III, J.P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered August 13, 2002, upon a verdict convicting defendant of the crimes of stalking in the second degree and criminal contempt in the second degree (nine counts).

As the result of repeated unwanted contact between defendant and the victim, defendant was indicted and charged with the crimes of stalking in the second degree, criminal contempt in the first degree and eight counts of criminal contempt in the second degree. Following a jury trial, defendant was convicted of stalking in the second degree and nine counts of criminal contempt in the second degree* and sentenced, as a second felony offender, to a prison term of 2 to 4 years on the stalking conviction and concurrent terms of one year on the contempt convictions. Defendant now appeals.

Initially, defendant contends that the letters he sent to the victim constituted protected speech and, as such, the stalking statute is unconstitutional. We disagree. The crime of stalking in the second degree purports to punish conduct, not speech, that is likely to cause the victim to reasonably fear physical injury, serious physical injury, the commission of a sex offense or the kidnapping, unlawful imprisonment or death of such victim (*see* Penal Law §§ 120.50 [3]; 120.55 [2]). Threatening conduct causing fear of physical harm is not protected speech, and a criminal statute proscribing such activity does not implicate the 1st and 14th Amendments of the US Constitution or NY Constitution, article I, § 8 (*see United States v Bowker*, 372 F3d 365, 378 [6th Cir 2004]; *Champagne v Gintick*, 871 F Supp 1527, 1533-1534 [1994]; *cf. People v Shack*, 86 NY2d 529, 535-536 [1995]).

Next, defendant contends that his conviction for stalking in the second degree must be reversed because the predicate offense relied upon to enhance the crime with which he was charged (from a misdemeanor to a felony) was constitutionally

---

* Defendant was found not guilty of criminal contempt in the first degree, but guilty of criminal contempt in the second degree as a lesser included offense.

infirm. A person is guilty of stalking in the second degree (a class E felony) when he or she commits the crime of stalking in the third degree having previously been convicted, within the previous five years, of aggravated harassment involving the same victim as alleged to be the victim in the stalking in the second degree charge (*see* Penal Law § 120.55 [2]; § 120.40 [5] [c]). Defendant contends that inasmuch as Penal Law § 240.30 (1), defining aggravated harassment, has been held to be unconstitutional as applied to situations such as his (*see Vives v City of New York*, 305 F Supp 2d 289, 301-302 [2003]), his conviction for stalking in the second degree must be reversed. We disagree.

Where a person previously has been convicted of a crime that raises an offense of lower grade to one of higher grade, an indictment for the higher grade offense shall be accompanied by a special information charging the defendant with the previous conviction and, upon arraignment on the special information, the defendant may admit or deny the previous conviction or remain mute (*see* CPL 200.60 [1]-[3]). There is, however, no provision for a defendant to challenge the constitutionality of such previous conviction (*compare* CPL 400.20 *and* CPL 400.21). Here, defendant's remedy for challenging the constitutionality of his prior conviction is upon direct appeal from such conviction or by way of a motion to vacate the judgment pursuant to CPL 440.10 (*see People v Knack*, 128 AD2d 307 [1987], *affd* 72 NY2d 825 [1988]).

Next, defendant contends that the verdicts convicting him of stalking in the second degree and acquitting him of criminal contempt are repugnant. We disagree. First, we note that this argument is not preserved for our review inasmuch as defendant failed to raise the issue at trial prior to the jury being discharged (*see People v St. Paul*, 3 AD3d 604, 605 [2004], *lv denied* 2 NY3d 765 [2004]). Nevertheless, were we to consider it, we would find it to be unavailing. We need note only that the elements of stalking in the second degree and criminal contempt in the first degree are not identical, and it is altogether possible to commit the former without committing the latter. As such, the jury could have found defendant guilty of the former and not guilty of the latter without such determinations being repugnant. We have considered defendant's remaining contentions and find them equally without merit.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.