People v Powell (2018 NY Slip Op 01403)





People v Powell


2018 NY Slip Op 01403


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


2197/14

[*1] The People of the State of New York, Respondent,
v
Azeez Powell, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Ryan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at motion to preclude conviction; Michael R. Sonberg, J. at plea and sentencing), rendered August 24, 2015, convicting defendant of persistent sexual abuse, and sentencing him to a term of 1½ years, unanimously affirmed.
Defendant was not entitled, within this criminal proceeding, to challenge the constitutionality of a prior conviction that was used to elevate the charge to persistent sexual abuse (see People v Knack, 72 NY2d 825 [1988]). Defendant, who asserts that the record of his prior plea establishes its unconstitutionality, could have moved to withdraw that plea, or he could have taken and perfected a timely appeal. The fact that those opportunities were no longer available at the time of the present prosecution does not entitle defendant to the creation of a new procedural device.
Defendant did not preserve his contention that, in the present case, he was misinformed about the permissible sentencing range, and that the court and counsel were likewise misinformed (see People v Conceicao, 26 NY3d 375 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that this claim is unsupported by the record, which indicates that the court had no intention of imposing anything but a prison sentence, and that any mention of defendant receiving the "minimum" sentence referred only to the minimum available prison sentence.
We do not perceive the agreed upon sentence to be excessive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK